1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9

10 ZONE SPORTS CENTER, LLC and
FRESNO ROCK TACO, LLC,                    CASE NO. 1:11-cv-00845-LJO-BAM

11

12              Plaintiffs,                **ORDER GRANTING NATIONAL SURETY
CORPORATION'S *EX PARTE***

13                                          **APPLICATION FOR A PROTECTIVE
ORDER SUSPENDING THE DEPOSITION**

14                                          **OF PAUL BINDER**

15        vs.

16 NATIONAL SURETY
CORPORATION,

17
                Defendant.
18 _____ /

19

20                        **I.   INTRODUCTION**

21        On March 7, 2012, the Court held an informal status conference to discuss a discovery

22 dispute regarding the timing of a third-party deposition scheduled or March 7, 2012.  (Doc. 27.)

23 Counsel Richard Hamlish appeared telephonically on behalf of Plaintiffs Zone Sports Center, LLC

24 and Fresno Rock Taco, LLC ("Plaintiffs").  Counsel Sean Cooney appeared telephonically on behalf

25 of Defendant National Surety Corporation ("Defendant").  Defendant initiated the telephonic

26 conference, seeking to suspend the deposition of Paul Binder - a third party - on grounds of

27 insufficient written notice pursuant to Fed. R. Civ. P. 30(b)(1).

28

1

1    Plaintiff did not stipulate to informal resolution of the discovery dispute by the Magistrate

2   Judge.  The Court construed Plaintiff's initiation of this informal discovery conference call as an *Ex*

3   *Parte* Application for a protective order to suspend the deposition of Paul Binder pursuant to Fed. R.

4   Civ. P. 26(c).  After considering the parties' arguments during the March 7, 2012 telephonic

5   conference call, and for the reasons discussed herein, the Court GRANTS Defendant's *Ex Parte*

6   Application to suspend the deposition of Mr. Binder.

7                                                   **II.   DISCUSSION**

8   **A.     Legal Standard**

9    Under Fed. R. Civ. P. 30(b)(1), "[a] party who wants to depose a person must give reasonable

10   written notice to every other party.  The notice must state the time and place of the deposition and, if

11   known, the deponent's name and address."  Fed. R. Civ. P. 30(b)(1).  What constitutes reasonable

12   notice depends on the circumstances of each case.  *See Hart v. United States,* 772 F.2d 285, 286 (6th

13   Cir. 1989).  A party opposing a deposition on grounds that the deposition was insufficiently noticed

14   may move for a protective order pursuant to Fed. R. Civ. P. 26(c).  *See Paige v. Commissioner,* 248

15   F.R.D. 272, 275 (C.D. Cal. 2008).

16    Neither the Federal Rules of Civil Procedure, nor the Ninth Circuit provide definitive

17   guidelines as to what constitutes "reasonable written notice."  Commonly, courts find that notice of

18   at least five business days' notice is required to constitute reasonable notice.  *See, e.g., Paige v.*

19   *Commissioner,* 248 F.R.D. 272, 275 (C.D. Cal. 2008) (finding that fourteen days' notice was

20   reasonable); *Jones v. United States,* 720 F. Supp. 355, 366 (S.D.N.Y. 1989) (holding that eight days'

21   notice was reasonable); *United States v. Philip Morris Inc.,* 312 F. Supp. 2d 27, 36-7 (D.D.C. 2004)

22   (notice of three business days does not constitute reasonable notice); *Vardon Gold Co., Inc. v.*

23   *Supremem Gold Sales, Inc.,* No. 89-cv-2654, 1989 WL 153335, *1-2 (N.D. Ill., Nov. 2, 1989) (four

24   days notice was unreasonable).

25    The most important consideration, however, is whether the notice is reasonable under the

26   circumstances of the case.  *See In re Sulfuric Acid Antitrust Litig.,* 231 F.R.D. 320, 327 (N.D. Ill.

27   2005) ("[T]en business days' notice [of a deposition] would seem to be reasonable," however, given

28   "the context of this case, the notices were not reasonable or timely"); *but see, Natural Organics v.*

*Proteins Plus, Inc.,* 724 F. Supp. 50, 52, n.3 (E.D. N.Y. 1989) (noting that one day's notice was reasonable because the parties were on an expedited discovery schedule, the need for a deposition arose suddenly, and the deposing was conducted over the telephone).

**B.     The Timing of Plaintiffs' Notice Was Not Reasonable**

The parties dispute whether a valid agreement was reached as to the March 7, 2012 deposition date. It is undisputed that no written notice provided. Plaintiffs did not provide reasonable written notice to Defendant of their intention to take the deposition of Mr. Binder on March 7, 2012, pursuant to Rule 30(b)(1). Plaintiffs argued that oral representations were made in December of 2011 establishing March 7, 2012 as an agreeable deposition date for Mr. Binder. However, the parties agree that written notice of Plaintiffs' intention to take the deposition of Mr. Binder was not provided until March 6, 2011. Regardless of any oral representations that were made, the Federal Rules of Civil Procedure require written notice. Plaintiffs provided only one day's written notice of their intent to depose Mr. Binder. Under the circumstances of this case, the Court finds one day's notice to be unreasonable. Accordingly, the Court grants Defendant's *Ex Parte* Application for a protective order pursuant to Rule 26(c).

**C.     Paul Binder's Deposition is Continued**

During the March 7, 2012 conference call, Plaintiffs requested a date-certain for the Binder Deposition to take place. At the conference, Plaintiffs and Defendant established a mutually agreeable date and time for the Binder deposition to take place. The Binder deposition will take place on March 27, 2012, at 10:00 a.m. The Court directs Defendant's counsel, Sean Cooney, to provide notice to Paul Binder regarding the date, time and location of the deposition.

### III.     CONCLUSION

Based on the foregoing, the Court orders as follows:

1.     Defendant's *Ex Parte* Application for a protective order pursuant to Rule 26(c) is
       GRANTED;

2.     Plaintiffs' deposition of Paul Binder, currently noticed for March 7, 2012, is CONTINUED
       to March 27, 2012.

3.      Defendant shall prepare an Order continuing the deposition and requiring Mr. Binder's appearance.

IT IS SO ORDERED.

Dated:   __March 7, 2012__                    _____/s/ Barbara A. McAuliffe_____
                                              UNITED STATES MAGISTRATE JUDGE