UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ZONE SPORTS CENTER, LLC and FRESNO ROCK TACO, LLC,

Plaintiffs,

vs.

NATIONAL SURETY CORPORATION,

Defendant.

_________________________________ /

CASE NO. 1:11-cv-00845-LJO-BAM

**ORDER ON PARTIES' DISCOVERY DISPUTES**

## I. INTRODUCTION

On May 25, 2012, the Court held a telephonic status conference to discuss several discovery disputes. Richard Hamlish appeared telephonically on behalf of Plaintiffs Zone Sports Center, LLC and Fresno Rock Taco, LLC ("Plaintiffs"). Counsel Sean Cooney appeared telephonically on behalf of Defendant National Surety Corporation ("Defendant"). The parties stipulated to permit the Court to rule informally on the following issues: (1) the timing of the deposition of Plaintiffs' expert, David Petersen, and related requests for production of documents and objections thereto; (2) attorney work-product objections involved in Plaintiffs' deposition of John Auvenin; (3) Defendant's compliance with Rule 26(a) in disclosing their experts /expert reports; and (4) Plaintiffs' production of documents related to Plaintiffs' expert reports, and Defendant's discovery requests. Having reviewed the parties' letter briefs and evaluated the arguments presented at the May 25, 2012 hearing, the Court issues the following order.

## II. DISCUSSION

### A. Deposition of David Peterson

On May 17, 2012, the Court instructed the parties to designate a mutually agreeable date to depose Plaintiffs' expert, David Petersen. (Doc. 45.) The parties agreed to schedule the deposition for May 31, 2012. Plaintiffs, however, objected to requests for production of documents served concurrently with the Petersen deposition notice. Plaintiffs also objected to language in the deposition notice that stated "the deposition will commence as indicated above and will continue day to day, not necessarily in consecutive order until completed."

During the May 25, 2012 telephonic conference, Plaintiffs agreed to provide the requested documents at the deposition of Mr. Petersen, despite their objections. Additionally, Defendant acknowledged that the language in the deposition notice relating to the timing of the deposition mistakenly cited the California Rules of Civil Procedure standard, and agreed that the Petersen deposition would comply with Fed. R. Civ. Pro. 30(d)(1). In light of the continuance of the expert discovery cut-off, discussed *infra*, the Petersen deposition may be rescheduled.

### B. Attorney work-product objections involved in Plaintiff's deposition of John Auvenin

During the deposition of John Auvenin, Mr. Auvenin testified he had been informed by an investigator for the California Department of Insurance of the name of a female person who was apprehended with one of the television sets that is the subject of Plaintiffs' insurance claim. There was confusion between the parties as to whether the information requested was the report prepared by Auvenin, or merely the name of the apprehended individual. Defendant argued the report prepared by Mr. Auvenin was protected by as attorney work-product.

During the May 25, 2012 hearing, Plaintiffs represented they were interested only in the name and identifying information of the apprehended individual, not the investigative report. Defendant represented they would produce the name and contact information for this individual.

### C. Defendant's compliance with Rule 26(a)(2) in disclosing their experts /expert reports

Plaintiffs present numerous challenges to Defendant's Rule 26 expert disclosures and reports.

#### 1. Legal Standard

Rule 26 governs discovery and the duty to disclose. Subsection (a)(2) governs disclosure of

expert testimony. It states that each party must disclose to the opposition the identity of any expert witness. Fed. R. Civ. P. 26(a)(2)(A). That disclosure must be accompanied by a written report containing: (1) a complete statement of all opinions the witness will express and the basis and reasons for them; (2) the facts or data considered by the witness in forming them; (3) any exhibits that will be used to summarize or support them; (4) the witness's qualifications, including a list of all publications authored in the previous 10 years; (5) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (6) a statement of the compensation to be paid for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B). He written report must be signed. A party must provide its expert witness disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Rule 37(c)(1) gives teeth to these requirements by automatically excluding any evidence not properly disclosed under Rule 26(a), irrespective of the party's bad faith or willfulness. *Yeti by Molly Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir.2001).

Here, the Court finds that the expert designations and reports of Defendant's experts Paul Hamilton and Gary Gray were disclosed untimely and deficient under Rule 26(a)(2)(B). Notably, Defendant concedes that "its expert disclosures were not done in accordance with the rules." The deadline to disclose the reports was April 9, 2012. Mr. Hamilton was disclosed on April 9, 2012, however, Mr. Hamilton's report was not signed, failed to include a list of exhibits, facts or data relied upon, failed to disclose the subject matter on which he would testify, and failed to present a summary of facts and opinions Mr. Hamilton expected to provide. Additionally, Defendant submitted the expert designation of Gary Gray on May 9, 2012. Moreover, Mr. Gray's report was not tendered until May 15, 2009. As for the requirements of Rule 26(a)(2)(B), the Court finds that both expert designations and reports are deficient.

The Court will amend the scheduling order as follows: (1) The discovery cut-off to complete expert depositions is extended to August 10, 2012; (2) Barbara Luna and Mr. Petersen may file a supplemental expert report to respond to the opinions of Mr. Hamilton and Mr. Gray no later than June 30, 2012; and (3) Mr. Gray shall be permitted to file a supplemental report, limited to a rebuttal of the opinions contained in the supplemental reports of Mr. Hamilton and Ms. Luna, no later than

July 14, 2012.

**2. Sanctions**

Having found violations of Rule 26(a)(2)(B) and Rule 26(a)(2)(D), the Court turns to the question of an appropriate remedy. Sanctions for violation of Rule 26(a) are set forth in Rule 37(c), which provides that when a party fails to make the disclosures required by Rule 26(a), the party is not allowed to use the witness to supply evidence on a motion, at a hearing, or at trial, unless it establishes that the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1); *see also Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011). The Advisory Committee Notes describe Rule 37(c)(1) as a "self-executing," "automatic" sanction to "provide[ ] a strong inducement for disclosure of material ..." *Yeti,* 259 F.3d at 1106 (citing Fed. R. Civ. P. 37, Advisory Committee's Note (1993)).

The text of Rule 37 also indicates that consideration must be given to the harm, if any, caused by the alleged failure. Fed. R. Civ. P. 37(c)(1); *see also* Fed. R. Civ. P. 37 Advisory Committee's Note (1993) ("Limiting the automatic sanction to violations 'without substantial justification' coupled with the exception for violations that are 'harmless,' is needed to avoid unduly harsh penalties in a variety of situations."). The party facing the sanctions has the burden to prove that the failure to comply was either substantially justified or harmless. *See Yeti*, 259 F.3d at 1107 ("Implicit in Rule 37(c) (1) is that the burden is on the party facing sanctions to prove harmlessness."). In determining whether a parties' failure to comply with the Rules was harmless, Courts may consider: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure that prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys, Ltd. v. Novelty*, Inc., 375 Fed. Appx. 705, 713 (9th Cir.2010)

Plaintiffs request the expert testimony and reports of Paul Hamilton and Gary Gray be excluded. Defendant argues that the failure was harmless, and that Defendant's proposed amendments to the scheduling order would cure any remaining prejudice to Plaintiffs. Defendant also argues that the expert testimony is necessary to its defense, and that preclusion is an unnecessarily drastic sanction.

The Court finds that the failure to disclose timely was not substantially justified. Defendant has not made any meaningful arguments to substantially justify its failure to properly disclose its experts under Rule 26.

Moreover, defendant's failure to comply with the Rules was not harmless. Not only have Defendant's delays effectively precluded Plaintiff from designating rebuttal expert testimony, but also Defendant's experts have had the opportunity to examine and rebut the opinions set forth by Plaintiffs' experts in their initial reports. This is a significant litigation advantage. While Defendant has proposed reopening discovery until June 25, 2012, permitting Plaintiffs' experts to supplement their reports, this extension would give the parties only a week to file their dispositive motions. This, too, would significantly prejudice Plaintiffs.

Exclusion of Defendant's experts, however, would prejudice Defendant's ability to present its defense such that preclusionary sanctions are not warranted. As the merits of Plaintiffs' claims largely hinge on whether Defendant's denial of Plaintiffs' insurance claims substantially caused the failure of Plaintiffs' businesses, expert testimony will be crucial to the parties' claims and defenses. Excluding expert testimony would essentially foreclose the possibility that this case would be decided on the merits.

Nonetheless, sanctions against Defendant are appropriate. Under Fed. R. Civ. P. 37(c)(1)(C), the Court has broad discretion to craft an "appropriate sanction." *See also, Yeti by Molly,* 259 F.3d at 1106. Given the required extension of expert discovery to address the harm caused, the Court finds a sanction of precluding summary judgment is appropriate. The Court precludes Defendant from filing any further dispositive motions in this action. This sanction permits the Court to extend the expert discovery deadline, without prejudicing Plaintiffs or the Court for Defendant's failure to comply with the Rules pertaining to expert discovery.

In accordance with Fed. R. Civ. P. 37(b)(2)(A), the Court provided Defendant an "opportunity to be heard" on the above-referenced sanction. Defendant argued that it should still be permitted to move for summary judgment if the moving papers did not rely on expert testimony. The Court rejected Defendant's request to modify the sanction, because this modification would continue to expose Plaintiff to the scheduling harms the sanction is intended to remedy.

**D. Plaintiffs' Production of Documents Related to Plaintiffs' Expert Reports, and Defendant's Discovery Requests**

**1. Document Production For Plaintiff's Expert, Barbara Luna**

Defendant argues that Plaintiffs failed to provide all the documents relied upon by Plaintiffs' expert, Barbara Luna, at the time of her disclosure on April 9, 2012. Defendant states that some of the documents relied upon by Ms. Luna were not received until May 21, 2012. This, Defendant argues, severely inhibited Defendant's ability to prepare its expert report. Accordingly, Defendant argues, Ms. Luna's testimony should be precluded.

Plaintiffs respond that the documents referenced by Ms. Luna were either produced in their initial disclosures, concurrently with the expert report, or subsequently thereto after Plaintiffs' counsel reviewed the report and provided documents not already produced. Plaintiffs also argue that the majority of these documents were in Defendant's possession, as Defendant received these documents from their previous request to the Department of Insurance.

Plaintiffs have met their obligation under 26(a)(2)(B). Between Plaintiffs' initial disclosures, exhibits attached to Ms. Luna's expert report, as well as the documents Defendant obtained from the Department of Insurance, the evidence indicates Defendant was in possession of all the documents referenced by Ms. Luna. Even if some documents were not in Defendant's possession at this time, Defendant acknowledges it received all these documents by May 21, 2012. As the parties are being afforded the opportunity to supplement their expert reports, no prejudice resulted from this delay. Moreover, the only harm Defendant claims is that this delay "severely inhibited National Surety's ability to prepare its expert report." This is not a legitimate harm, as Defendant would not have had the opportunity to review Ms. Luna's expert report prior to preparing their own had Defendant timely designated its experts.

**2. Defendant's Document Requests Relating to Documents Produced by the Department of Insurance, but Not Produced By Category Pursuant to Defendant's Discovery Requests**

Defendant argues Plaintiffs have not complied with various discovery requests because Plaintiffs have not produced documents responsive to those requests by category. Plaintiffs respond

that the documents have been produced to Defendant based on Plaintiffs' request to the Department of Insurance, who had previously seized Plaintiffs' documents, to release those documents to Defendant.

Rule 34(b)(2)(E)(I) provides that parties "must produce" documents as they are kept in the usual course of business **or** "must label" the documents to correspond to the categories in the request. Here, Plaintiffs produced the responsive documents as they are kept in the usual course of business. Plaintiffs were not in physical possession, custody or control of the requested documents. Rather, Plaintiffs were deemed to be constructively in control of the documents because Plaintiffs had the ability to request them from the Department of Insurance. Those documents, however, were produced in the usual course of business as they were produced to Defendant in the manner they were maintained with the Department of Insurance. This is sufficient to comply under Rule 34(b)(2).

**3. Defendant's Request For An Order Compelling Plaintiff to Request Intuit to Unlock Plaintiff's Quickbook Files**

In Defendant's review of records produced by the Department of Insurance, Defendant identified various Quickbook data files with the file names matching the names of Plaintiffs. These files are locked, and Plaintiff is apparently incapable of unlocking them. Accordingly, Defendant seeks an order compelling Plaintiffs to submit a request to Intuit[1] to unlock these files, and be produced to Defendant.

Defendant has not cited any authority to persuade the Court such an order would be appropriate. Defendant has failed to show this information could not be obtained absent a Court order, or with a properly noticed third-party subpoena.

## III. CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The David Petersen deposition shall be conducted in a manner that complies with Fed. R. Civ. Pro. 30 (d)(1). At the time of the Petersen deposition, Plaintiffs shall produce documents responsive to Defendant's corresponding discovery requests;

[1] Intuit is the maker of Quickbooks and, according to Defendant's representations, capable of unlocking the desired Quickbook files pursuant to a request from its customer.

2. Defendant shall produce the name and contact information of the individual referenced at the deposition of John Auvenin who was reportedly apprehended with one of the television sets that is the subject of Plaintiffs' insurance claim within seven days of the date of this Order;

3. Defendant is precluded from filing any further dispositive motions in this action, as a discovery sanction;

4. Defendant's request to exclude the expert testimony of Barbara Luna is DENIED;

5. Defendant's request to compel Plaintiffs to produce and categorize documents already produced by the Department of Insurance is DENIED;

6. Defendant's request to compel Plaintiff submit a request to Intuit to unlock Plaintiffs' Quickbook files is DENIED;

7. The scheduling order is amended as follows:

   a. The discovery cut-off to complete any expert deposition is extended to August 10, 2012;

   b. Barbara Luna and David Petersen may file a supplemental expert report to respond to the opinions of Paul Hamilton and Gary Gray no later than June 30, 2012; and

   c. Gary Gray shall be permitted to file a supplemental report, limited to a rebuttal of the opinions contained in the supplemental reports of Barbara Luna and David Petersen, no later than July 14, 2012.

IT IS SO ORDERED.

**Dated:** **May 30, 2012**

/s/ **Barbara A. McAuliffe**
UNITED STATES MAGISTRATE JUDGE