UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESNO ROCK TACO, LLC, et al., | CASE NO. 1:11-cv-00845-SKO |
| Plaintiffs, | |
| v. | **ORDER ON PLAINTIFFS' "MOTION FOR RECONSIDERATION"** |
| NATIONAL SURETY CORPORATION, | (Doc. 209) |
| Defendant. | |

## I. INTRODUCTION

Currently before the Court is Plaintiffs' "Motion for Reconsideration" that seeks relief from the Court's exclusion of Plaintiffs' trial exhibits as a sanction for failure to comply with the Court's pretrial order deadlines. The Court construes this motion as one seeking a modification to the pretrial order to prevent "manifest injustice." For the reasons set forth below, Plaintiffs' motion is DENIED.

## II. PROCEDURAL HISTORY

Pursuant to the U.S. District Court for the Eastern District of California's Local Rule 281 ("Local Rule"), the parties submitted a joint pretrial statement on September 4, 2012, to presiding

1  District Court Judge Lawrence J. O'Neill. (Doc. 116.) On September 11, 2012, Judge O'Neill issued

2  a pretrial order. As it pertained to exhibit lists, the pretrial order expressly provided the following:

> No later than **October 10, 2012**, the parties shall exchange their proposed exhibits to the extent they have not done so already. The parties' counsel shall meet and conduct an exhibit conference no later than **October 15, 2012**, to pre-mark and examine trial exhibits and to prepare exhibit lists to the extent that they have not done so already. No later than **October 19, 2012**, the parties shall file and serve their final lists of respective pre-marked exhibits. Only those exhibits that are listed in this pretrial order may appear on the final exhibit list. **Further, no exhibit, other than those listed in the final exhibit list, may be admitted at trial unless the parties stipulate or upon a showing that this order should be modified to prevent "manifest injustice."** Fed. R. Civ. P. 16(e). No later than **October 26, 2012,** the parties shall submit to the clerk's office all pre-marked trial exhibits, including all originals and one copy. Joint exhibits, if any, shall be admitted into evidence for all purposes.

10  (Doc. 127, 26:18-27:2 (emphasis in original).)

11  Similarly, with respect to witness lists, the pretrial order provided as follows:

> No later than **October 19, 2012**, each party shall file and serve a final witness list, including the name of each witness along with the business or home address of each witness, to the extent known, and omitting witnesses listed in the joint pretrial statement which the parties no longer intend to call. Only witnesses who are listed in this pretrial order may appear on the final witness list. **Further, no witness, other than those listed in the final witness list, may be called at trial unless the parties stipulate or upon a showing that this order should be modified to prevent "manifest injustice."** Fed. R. Civ. P. 16(e).

17  (Doc. 127, 23:25-24:3.)

18  The parties filed final exhibit and witness lists on October 19, 2012.[1] (Docs. 157, 159, 165, 166, 169, 170, 171.) On October 22, 2012, Judge O'Neill issued an order regarding defense counsel's potential trial unavailability and required that a joint verdict form be submitted. (Doc. 173.) On October 23, 2012, defense counsel, Mr. Hager, filed a declaration stating that he was unavailable for trial on October 30, 2012. (Doc. 174.) Therefore, on October 23, 2012, the Court issued an order resetting the trial to April 23, 2013. As all prior deadlines in the pretrial order had passed, and ostensibly the parties had complied with the pretrial order to exchange exhibits no later than October 10, 2012, and conduct an exhibit conference no later than October 15, 2012, the Court issued an

---

[1] At no time prior to Judge O'Neill resetting the trial on October 23, 2012, did the parties indicate to the Court that the exhibits had not been exchanged or that the exhibit conference had not occurred. Further, there was no reason to suspect that the parties had not complied with the pretrial order in this regard because they did in fact file final exhibit lists.

2

order resetting the **only** remaining deadline in the case to April 18, 2013: submission to the Court of the documents for use during trial. (Doc. 177.)

On February 6, 2013, Judge O'Neill issued an order vacating the April 23, 2013, trial date as his official duties precluded him from conducting the trial on that date. (Doc. 178.) Judge O'Neill ordered that the parties contact the U.S. Magistrate Judge to set a conference to reset the trial date. The Court further instructed the parties to reconsider whether to consent to a Magistrate Judge to conduct all further proceedings. (Doc. 178.) A conference was held before the undersigned Magistrate Judge, and an order setting trial for May 7, 2013, was issued. (Doc. 183.) In its order, the Court also reset the deadline to lodge trial submissions with the Court:

> The court notes that a pre-trial conference in this matter was previously held before District Judge Lawrence J. O'Neill, and a pretrial order was issued on September 11, 2012. (Doc. 127.) Judge O'Neill has resolved and decided all outstanding issues and has ruled on the parties' motions in limine. The **only** filings or trial submissions to be submitted by the parties are the remaining trial documents, which are *limited to exhibits, discovery documents, and deposition transcripts*. (*See* Doc. 177.) These documents shall be submitted to the Court by **no later than Monday, April 29, 2013.**

(Doc. 183, 1:25-2:3.)

On March 6, 2013, Defendant consented to the jurisdiction of the U.S. Magistrate Judge, and the case was reassigned for all purposes to the undersigned.[2] (Doc. 184, 186.) On April 12, 2013, the Court issued an order setting a training session for use of the courtroom technology during trial. (Doc. 195.) This order reiterated the deadline to lodge trial submissions with the Court: "Finally, as previously ordered on March 1, 2013, all trial submissions, which are limited to exhibits, discovery documents, and deposition transcripts, are to be submitted to the Court by **no later than Monday, April 29, 2013.**" (*See* Doc. 188.)

On April, 29, 2013, Defendant submitted its trial exhibits and the parties' joint trial exhibits. On April 30, 2013, Defendant submitted deposition transcripts. Also on April 30, 2013, Plaintiffs filed an amended exhibit list. (Doc. 196.) Plaintiffs, however, failed to submit any trial exhibits to the Court on the April 29, 2013, deadline. Because there were untimely trial submissions, on May

---

[2] Plaintiffs consented to the jurisdiction of the Magistrate Judge on September 7, 2012. (Doc. 120.)

3

2, 2013, the Court issued a minute order informing the parties that to the extent they had violated the pretrial order by untimely submission of trial documents, those documents were excluded:

> Pursuant to the Court's March 1, 2013, order resetting the trial (Doc. 183) and as reiterated in the Court's April 12, 2013, order, all trial submissions, which were limited to exhibits, discovery documents, and deposition transcripts, were to be submitted to the Court no later than Monday, April 29, 2013.  As of the April 29, 2013, deadline, Defendant's trial exhibits, the parties' joint trial exhibits, and Plaintiff[s'] deposition transcripts were timely received. Defendant's submission of deposition transcripts on April 30, 2013, was untimely and those documents shall be EXCLUDED. Additionally, although Plaintiffs have filed an amended exhibit list (Doc. 196), Plaintiffs have not submitted any trial exhibits to the Court other than deposition transcripts. The parties are informed that any trial submissions received by the Court following the April 29, 2013, deadline are hereby deemed UNTIMELY and shall be EXCLUDED from trial. *See* Fed. Civ. P. 16(f)(1)(C); *Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005); *see also* Local Rule 283(c).

(Doc. 197.)  Neither party moved for relief nor for an order modifying the pretrial order with respect to the submission of trial documents.[3]

On the last day of Plaintiffs' case-in-chief, the Court inquired out of the presence of the jury whether the issue of *Brandt* attorney's fees would be presented to the Court by stipulation or whether it would be presented to the jury.  Belatedly realizing that their exhibits relevant to *Brandt* fees were excluded, on May 15, 2013, Plaintiffs were permitted to file a motion for relief from the Court's order excluding their exhibits, seeking to admit Plaintiffs' counsel's billing invoice.[4]  The Court permitted Plaintiffs until 6:00 a.m. on May 16, 2013, to file the motion.  The motion seeking admission of Exhibits P-218 (counsel's billing invoice) and P-221 (purporting to be Defendant's financial statement) was not filed until 8:25 a.m. on May 16, 2013.  (*See* Doc. 209.)  Defendant was permitted to file an opposition by 6:00 a.m. on May 17, 2013.  (Doc. 212.)

Defendant argues that while these documents were listed on Plaintiffs' final exhibit list, neither the billing invoice nor the financial statement was listed in the Court's September 11, 2012, pretrial order and, pursuant to the pretrial order, cannot be part of the final exhibit list or admitted at trial absent a stipulation or a showing of manifest injustice.  Defendant further maintains that there are no witnesses who can authenticate the documents, and asserts that it would be unfairly

---

[3] Despite their exclusion, Plaintiffs provided the Court with their exhibits on May 6, 2013, the day before trial.

[4] On May 15, 2013, Plaintiffs' case-in-chief was concluded.

4

prejudiced if Plaintiffs were permitted to introduce the documents at trial because it would be deprived of a fair opportunity to challenge the exhibits with its own evidence.

### III.  DISCUSSION

Plaintiffs' motion essentially seeks to modify the September 11, 2012, pretrial order and allow them to present two exhibits that were not included in the parties' joint pretrial statement or in the Court's September 11, 2012, pretrial order.  Before reaching the question whether the Court should modify its May 2, 2013, sanction excluding Plaintiffs' exhibits for failure to comply with the submission deadline in the pretrial order, the Court considers whether the pretrial order may be modified to include documents not identified by Plaintiffs at the time of the pretrial conference, and thus not included in the September 11, 2012, pretrial order.

The pretrial order was unambiguous: *only exhibits listed in the pretrial order were to be included in the final exhibit lists, and only those exhibits listed on the final exhibit lists would be admitted at trial.*  (Doc. 127.)  As such, Plaintiffs must establish that manifest injustice will result if the pretrial order is not amended to include these exhibits.  In evaluating whether manifest injustice will result, a district court should consider four factors:  (1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification.  *Galdamez v. Potter*, 415 F.3d 1015, 1017 (9th Cir. 2005.)

Plaintiffs argue that Defendant will suffer no prejudice from their failure to identify the documents as potential exhibits in the joint pretrial statement or the pretrial order.  According to Plaintiffs, Defendant had fair notice of their intent to use P-218 and P-221 because these documents were listed in the final exhibit list, and were provided to Defendant in October 2012 when the parties were required to exchange exhibits.  Defendant maintains that it did not receive the exhibits and that, even to the extent Plaintiffs are not precluded from use of the exhibits due to violation of the pretrial orders, there are no witnesses on Plaintiffs' witness list who could lay a proper foundation and authenticate the documents; as such, the exhibits are not admissible.  Moreover, even if the

documents were admissible, Defendant would be deprived of a fair opportunity to challenge the exhibits with its own evidence due to the untimeliness of Plaintiffs' request for relief.

### 1.     Amendment of the Pretrial Order to Include Plaintiffs' Exhibit P-218

Plaintiffs' Exhibit P-218 is an "invoice" for "Brandt fees" and contains time entries for work Plaintiffs' counsel performed from August 16, 2010, to May 25, 2012.  Plaintiffs wish to offer this document as evidence of their damages for Defendant's alleged breach of the covenant of good faith and fair dealing (bad faith).  Pursuant to *Brandt v. Superior Court*, 37 Cal. 3d 813, 817 (1985), attorney's fees are considered an economic loss – damages – proximately caused by an insurer's bad faith in wrongful denial of insurance policy benefits.[5]  "Since the attorney's fees are recoverable as damages, the determination of the recoverable fees must be made by the trier of fact unless the parties stipulated otherwise."  *Brandt*, 37 Cal. 3d at 819.  Here, there is no stipulation by the parties to have the issue presented to the Court sitting as trier of fact, thus evidence of these damages are to be submitted to the jury.  To determine whether the pretrial order should be amended, the Court considers the *Galdamez* factors in turn below.

#### a.     Degree of Prejudice or Surprise to Defendant if the Pretrial Order is Not Modified

With regard to prejudice or surprise to Defendant, Plaintiffs have known that their exhibits were excluded as untimely submitted since May 2, 2013, prior to the start of trial.  Moreover, Plaintiffs have also been aware since September 2012 that counsel's billing invoice was not disclosed in the joint pretrial statement (Doc. 116) or included as an exhibit in the pretrial order (Doc. 127.)  Yet, Plaintiffs did not raise the issue of admission of Plaintiffs' Exhibit P-218 until after the Court questioned the proposed jury instruction which referred to *Brandt* fees, and the issue was not briefed to the Court until May 16, 2013, after Plaintiffs had rested their case.

Plaintiffs' counsel stated on the record that he did not identify the billing invoice at the time of the pretrial conference because it would not have been a complete document reflecting all his

---

[5] Recoverable attorney's fees under *Brandt* are limited to those fees incurred to obtain the policy benefits wrongfully denied.  Attorney's fees expended to obtain damages exceeding the policy limit or to recover other types of damages are not recoverable as *Brandt* fees.  *Brandt*, 37 Cal. 3d at 819.

6

work through trial. This is a non-sequitur; the completeness of the billing invoice has no bearing on why it was not identified as an exhibit. And, inexplicably, Exhibit P-218 that Plaintiffs now proffer only provides billing entries through May 2012. This excuse for failing to identify the document at the time of the pretrial conference in September 2012 rings hollow.

While the Court permitted Plaintiffs to file a motion for relief from the Court's order excluding untimely submissions, the degree of prejudice or surprise of modifying the pretrial order at this stage of the trial is substantial. Plaintiffs' case-in-chief has concluded, and Defendant is scheduled to close its case only hours after the issuance of this order; thus, Exhibit P-218 would necessarily be presented to the jury after the close of Defendant's case, i.e., in Plaintiffs' rebuttal case. Defendant asserts that the timing of the presentation of the evidence is disadvantageous to Defendant because it would be offered to the jury out of sequence. As *Brandt* attorneys fees are considered damages, they constitute an element of Plaintiffs' prima facie case and should have been offered during Plaintiffs' case-in-chief.

Federal Rule of Evidence 611(a) provides the Court discretion to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." As such, the Court may allow a plaintiff to present evidence in a rebuttal case that *could* have been presented during the case-in-chief. *See U.S. v. Chrzanowski*, 502 F.2d 573, 576 (3d Cir. 1974) ("Even though the testimony could or should have been offered as part of the government's case in chief, the trial court's decision to allow it as rebuttal is not reviewable in the absence of gross abuse of discretion." [citations omitted]). The necessity of presenting this evidence during Plaintiffs' rebuttal case appears predicated solely on the belated realization that the evidence was necessary to Plaintiffs' request for damages. It is also worth noting that, although Plaintiffs' managing members testified during the case-in-chief, no testimony was solicited as to the fee agreement with counsel or the amount of fees paid to counsel.

While Plaintiffs maintain that Defendant has known that *Brandt* fees were at issue since the complaint was filed, Plaintiffs have known this as well and yet somehow failed to identify the billing invoice as an exhibit at the pretrial conference, failed to amend the pretrial order, and *even after their*

7

*exhibits were excluded prior to trial, failed to seek any relief to present this evidence.* The Court agrees that the timing of the presentation of the evidence would be disadvantageous to Defendant, and the need to present the evidence during rebuttal is solely due to Plaintiffs' lack of diligence.

More importantly, the manner of presentation of the evidence will be prejudicial to Defendant. Counsel's billing invoice must be authenticated, as it constitutes hearsay under Federal Rule of Evidence 803. Even to the extent that Plaintiffs themselves could authenticate the invoice, they cannot provide the testimony necessary to establish an applicable hearsay exception. As counsel himself was not designated as a witness, he cannot testify. Moreover, even if the Court were to allow further amendment of the pretrial order to allow counsel to testify – an amendment that Plaintiffs themselves have not requested – and counsel were permitted to provide testimony about his billing invoice, Defendant has not had an adequate opportunity to prepare to cross-examine counsel. Due to the progression of the trial, Defendant's counsel would have mere hours to prepare its cross-examination. Additionally, as Defendant notes, the billing invoice in Exhibit P-218 is incomplete.[6] Plaintiffs' counsel has only presented a billing invoice for what he considered work recoverable under *Brandt* and has not provided complete billing statements of all the work performed in relation to the case. To properly cross-examine Plaintiffs' counsel, Defendant's counsel would need to review complete billing records. Defendant is subject to a high degree of prejudice should the pretrial order be amended at this juncture to include not only a new exhibit, but also a previously unidentified witness to testify with regard to that document and whom Defendant has insufficient time to prepare for cross examination. Accordingly, amendment of pretrial order would be highly prejudicial to Defendant.

### b.     Ability of Defendant to Cure the Prejudice

As to the second *Galdamez* factor, Defendant will not have an adequate opportunity to cure the prejudice without severely disrupting the course of the trial. To sufficiently overcome the

---

[6] The incompleteness of the billing records implicates additional admissibility concerns about the document. Without complete billing records, it is impossible to determine how apportionment between work performed to obtain policy benefits and work performed on elements non-compensable under *Brandt* was made. In this way, the probative value of the document is outweighed by the potential for prejudice that the jury would award *Brandt* fees without any basis to determine whether there was proper apportionment of the fees. Fed. R. Evid. 403.

prejudice, Defendant would require additional time to review counsel's complete billing records and prepare for cross-examination. As there is only one witness left to provide testimony in Defendant's case, and Plaintiffs have identified no rebuttal witnesses, the trial would be significantly delayed while these tasks were accomplished. Given that Plaintiffs could have attempted to modify the pretrial order at any time after it was issued in September 2012 or even upon issuance of the Court's May 2, 2013, order excluding untimely trial submissions, seeking amendment at this juncture is highly prejudicial to Defendant and leaves Defendant with no adequate way to remedy the prejudice. This factor does not weigh in favor of amendment of the pretrial order.

        **c.**        **Impact of Modification on the Orderly and Efficient Course of Trial**

With regard to the third *Galdamez* factor, as noted above, allowing amendment of the pretrial order to permit the use of Exhibit P-218 would impact the orderly and efficient course of the trial. Plaintiffs' case-in-chief has closed, and the evidence and testimony would be offered during Plaintiffs' rebuttal case, which unfairly precludes Defendant from mounting a defense against it other than by way of cross examination.[7] Additionally, the only way to adequately cure the prejudice to Defendant is to allow Defendant time to review the complete billing records and prepare for cross-examination of counsel who was not listed as a witness in this case. The time necessary for these curative measures would place an undue burden on the efficient course of the trial. This factor also weighs against amendment of the pretrial order.

Finally, the Court has no evidence that Plaintiffs' attempt to amend is willful, in bad faith, or a purposeful attempt to sandbag Defendant. Thus, this factor does not weigh against amendment of the pretrial order.

In sum, pretrial orders are meant to improve the quality of trial through more thorough preparation, and are designed to level the playing field to prevent unfair surprise and prejudice. Fed. R. Civ. P. 16(a). Plaintiffs' failure to abide by the pretrial order is problematic, but the timing of Plaintiffs' request to amend is particularly troublesome to a fair presentation of the evidence at trial and the administration of justice. In balancing the relevant factors, the Court finds that Plaintiffs

---

[7] Although hypothetically Defendant could be permitted to make a sur-rebuttal case, as Defendant has noted, it has no witness identified or prepared to rebut Plaintiffs' counsel's testimony or the billing invoice.

9

have not carried their burden to establish manifest injustice will occur if the Court does not permit amendment to the pretrial order to add exhibit P-218.

**2.     Amending the Pretrial Order to Include Plaintiffs' Exhibit P-221**

Plaintiffs also seek to amend the pretrial order to include Exhibit P-221. Plaintiffs' Exhibit P-221 purports to be Defendant's financial statement. Like counsel's billing invoice, this document was not identified to the Court or Defendant as a potential trial exhibit in the joint pretrial statement or in the Court's pretrial order. The Court expressly limited the parties from attempting to admit evidence that was not listed in the Court's pretrial order. Plaintiffs maintain that the document was nonetheless included in their final exhibit list and provided to Defendants at the time the parties were required to exchange exhibits in October 2012.

As with Exhibit P-218, modifying the pretrial order to allow Plaintiffs to attempt to admit this document would be prejudicial to Defendant. Defendant claims it relied on Plaintiffs' exhibits listed in their joint pretrial statement and in the pretrial order, and did not prepare a defense as to Exhibit P-221. Defendant also maintains that it is too late now to mount an adequate defense due to Plaintiffs' extremely late request to amend the pretrial order. The Court agrees.

With only one witness remaining in Defendant's case and no rebuttal witnesses identified by Plaintiffs, the evidence would have to be presented immediately by Plaintiffs to avoid further delay of the trial. There is simply no way to cure the prejudice without severely disrupting the course of the trial. Moreover, Plaintiffs have not identified a witness who could testify as to P-221, and thus there is no way for Defendant to prepare for cross-examination. Allowing Plaintiffs to further amend the pretrial order to identify a witness to authenticate the document would provide Defendant no time to prepare for cross examination.

Finally, P-221 suffers insurmountable admissibility issues.[8] The document contains hearsay, and without an applicable exception, it cannot be offered as evidence. Fed. R. Evid. 803. Moreover, the document itself lacks legal relevance pursuant to Federal Rule of Evidence 401. As Defendant notes, Exhibit P-221 purports to be a financial statement for Fireman's Fund, ostensibly Defendant's parent company, and Fireman's Fund's group of subsidiaries.

There has been no evidence that Defendant and Fireman's Fund are alter egos or that Fireman's Fund's financial statement is evidence of Defendant's wealth. *Tomaselli v. Transamerica Ins., Co.*, 25 Cal. App. 4th 1269, 1283-86 (1994) (consolidated financial statement for the parent company and its many subsidiaries not evidence as to the financial condition of one of the subsidiaries). The document also purports to be a financial statement from 2010 to 2011, and therefore has little relevance as to any *current* financial status. Finally, even to the extent the document was marginally relevant for some purpose – which it is not – under the Rule 403 balancing test, any probative value attributable to the financial statement is significantly outweighed by the danger of unfair prejudice in that it could entice a jury to award punitive damages based on the wealth of Fireman's Fund's group of companies and not that of Defendant. Fed. R. Evid. 403.

---

[8] Perhaps anticipating these admissibility issues, on May 17, 2013, Plaintiffs filed a request for judicial notice pursuant to Federal Rule of Evidence 201 of a "Report of Examination of the Fireman's Fund Insurance Company as of December 31, 2010." (Doc. 214.) Plaintiffs assert the document is a twenty-nine page report including financial statements reprinted from the public website of the California Department of Insurance. However, a "court may not take judicial notice of a fact that is 'subject to reasonable dispute.'" *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting Fed. R. Evid. 201(b)). "When a court takes judicial notice of a document in the public record for which the underlying facts may reasonably be subject to dispute – such as a judicial opinion or an administrative report – it may do so not for the truth of the facts contained in the document but only for the existence of the document, which is not subject to reasonable dispute over its authenticity." *Fund Raising, Inc. v. Alaskans for Clean Water, Inc.*, No. CV 09-4106-AHM (VBKx), 2009 WL 3672518, at *4 n.4 (C.D. Cal. Oct. 29, 2009). Judicial notice of adjudicative facts must be approached with caution because it dispenses "with traditional methods of proof" and removes the fact noticed from the province of the jury. *See* Fed. R. Evid. 201, *advisory committee notes to subdivision (b)*. Judicial notice is appropriate only when the matter is established "beyond reasonable controversy." *Id.* Even assuming that the document were admissible pursuant to a hearsay exception, the facts contained within the document are not beyond dispute. Moreover, the document itself is not relevant to Defendant as it relates to Fireman's Fund, which is ostensibly Defendant's parent company. Also, the document is not *current*, but is from December 2010. Finally, even to the extent it has some marginal relevance, it would be precluded under Federal Rule of Evidence 403 because on balance the document's probative value is significantly outweighed by the risk of unfair prejudice in allowing the jury to award punitive damages based on a parent company's financial statement, rather than that of Defendant.

### 3. May 2, 2013, Exclusion Sanction for Violation of Pretrial Order Deadline

Finally, Plaintiffs have not shown any good cause or basis whatsoever to obtain relief from the Court's minute order excluding Plaintiffs' exhibits for violating the pretrial order with respect to timely submission of trial exhibits to the Court. (Doc. 197.) After receiving notification prior to trial on May 2, 2013, that the exhibits were excluded for failure to timely submit them to the Court, Plaintiffs did nothing to seek relief prior to trial, immediately submit the documents, or explain why the exhibits were not timely provided.[9]

Notwithstanding this sanction, however, Plaintiffs have not met the requisite manifest injustice showing to amend the pretrial order to include the exhibits Plaintiffs now request the Court admit. Moreover, the admissibility issues discussed above preclude receiving these exhibits into evidence even were the Court to (1) lift its May 2, 2013, sanction, (2) amend the pretrial order, (3) significantly disrupt and delay the trial to allow sufficient time to cure the prejudice to Defendant, and then (4) allow Plaintiffs to present new evidence during their rebuttal case.

## IV.   CONCLUSION AND ORDER

For the reasons set forth above, Plaintiffs have not carried their burden to establish manifest injustice will result if the pretrial order is not amended. Plaintiffs' Exhibits P-218 and P-221 are excluded because they were not identified by Plaintiffs at the time of the pretrial conference and were thus not identified in the pretrial order. Moreover, as discussed above, neither Exhibit P-218 nor Exhibit P-221 is admissible.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' "Motion to Reconsider" is DENIED; and

2. The Clerk of Court is DIRECTED to file under seal Plaintiffs' proffered Exhibits P-218 and P-221.

IT IS SO ORDERED.

**Dated:   May 20, 2013**             /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE

---

[9] In fact, the Court encouraged the parties at the beginning of trial to stipulate to allow the documents and exhibits excluded by the May 2, 2013, order to be offered as evidence, but the parties were unwilling to reach any agreement in this regard.