# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESNO ROCK TACO, LLC, et al., | CASE No. 1:11-cv-00845-SKO |
| Plaintiffs, | |
| v. | **ORDER THAT THE PARTIES FILE REPLY BRIEFS ON THE MOTIONS TO AMEND THE PRETRIAL ORDER** |
| NATIONAL SURETY CORPORATION, | |
| Defendant. | (Docs. 239, 241) |

Plaintiffs Fresno Rock Taco, LLC and Zone Sports Center, LLC ("Plaintiffs") and Defendant National Surety Corporation ("Defendant") have filed motions to amend the September 11, 2012, pretrial order, and the parties have filed opposition briefs, opposing the requests for amendment to the pretrial order. Having reviewed the parties' motions and opposition briefs, reply briefs with supporting documentation are necessary. The parties shall file reply briefs **no later than Friday, July 12, 2013**, addressing the issues identified below. In drafting their reply briefs, the parties are directed to review the Ninth Circuit's decision in *R & R Sales, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240 (9th Cir. 2012) as it pertains to Rule 26(a) initial disclosure issues.

**Plaintiffs' reply brief shall address the following issues**:

1. Provide evidence to support Plaintiffs' contention that the additional witnesses requested by Defendant were *not* part of Defendant's initial or supplemental disclosures pursuant to Federal Rule of Civil Procedure 26(a) or (e);
2. Explain whether the documents Plaintiffs propose to add as exhibits have been provided to Defendant, and if not, why they have not been provided;[1]
3. Address Defendant's argument that Plaintiffs' motion to amend the pretrial order is untimely;
4. Address Defendant's argument that Plaintiffs failed to identify the attorney billing records and Defendant's financial information as part of the Rule 26(a) disclosures.

**Defendant's reply brief shall address the following issues:**

1. Provide evidence to support Defendant's contention, that attorney billing records and Defendant's financial statements/information were not identified/described as part of Plaintiffs' required initial or supplemental disclosures under Federal Rule of Civil Procedure 26(a) or (e);
2. Provide citation to the record of Mr. Binder's trial testimony that contradicts undisputed fact no. 9;
3. Explain whether Defendant requested, at any time during discovery, that Plaintiffs "make available for inspection" Plaintiffs' attorney's billing records;
4. Address Plaintiffs' argument that the additional email evidence Defendant seeks to add includes evidence that should have been produced at Mr. Binder's deposition.

---

[1] Should the pretrial order be amended to include these documents, the court will address any admissibility issues during the course of the trial.

This list of issues is not intended to limit the scope of the parties' reply briefs. The parties are free to address any additional arguments raised in either the motions or the opposition briefs.

Accordingly, IT IS HEREBY ORDERED that the parties shall each file reply briefs **no later than Friday, July 12, 2013**.

IT IS SO ORDERED.

Dated:   **July 9, 2013**                              **/s/ Sheila K. Oberto**
                                                       UNITED STATES MAGISTRATE JUDGE