1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESNO ROCK TACO, LLC, et al., | **CASE No. 1:11-cv-00845-SKO** |
| Plaintiffs, | |
| v. | **ORDER ON THE PARTIES' MOTIONS TO AMEND THE SEPTEMBER 11, 2012, PRETRIAL ORDER** |
| NATIONAL SURETY CORPORATION, | |
| Defendant. | (Docs. 239, 241) |
| _____/ | |

## I.   INTRODUCTION

On June 25, 2013, after conferring with the parties through an informal telephonic conference, the Court issued an order setting trial in this matter for July 31, 2013.  (Doc. 238.) The parties were permitted to file motions to amend the September 11, 2012, pretrial order no later than June 26, 2013.  Defendant National Surety Corporation ("National") filed a motion to amend on June 26, 2013, and Plaintiffs Fresno Rock Taco, LLC and Zone Sports Center, LLC filed a motion to amend on June 27, 2013.[1]  (Doc. 241.)  For the reasons set forth below, the parties' motions are granted in part and denied in part.

_____

[1] The parties were required to file any motions to amend the pretrial order no later than June 26, 2013; Plaintiffs' motion was untimely.

## II.   DISCUSSION

**A.   Legal Standard**

Federal Rule of Civil Procedure 16(e) mandates that the pretrial order "shall control the subsequent course of the action . . . [and] shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e).   This does not mean, however, that a pretrial order is a legal "straightjacket" that unwaveringly binds the parties and the court, rather, the Court retains a "certain amount of latitude to deviate from a pre-trial order," *Manley v. AmBase Corp*., 337 F.3d 237, 249 (2d Cir. 2003); *see also Castlegate, Inc. v. Nat'l Tea Co.*, 34 F.R.D. 221, 226 (D. Col. 1963), so as to prevent manifest injustice.   *See* Fed. R. Civ. P. 16(e).

With respect to retrials, district courts have the discretion to admit or exclude new evidence or witnesses on retrial.   *See Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Co*., 195 F.3d 765, 775 (5th Cir. 1999); *Cleveland v. Piper Aircraft Corp.*, 985 F.2d 1438, 1449-50 (10th Cir. 1993); *Total Containment, Inc. v. Dayco Prods.Inc.*, 177 F. Supp. 2d 332, 338-39 (E.D. Pa. 2001); Wright & Miller, 11 Federal Practice & Procedure § 2803 (3d ed.); *see also Habecker v. Clark Equip. Co.*, 36 F.3d 278, 288 (3d Cir. 1994).   As the Tenth Circuit explained in *Cleveland*,

> The trial court is much more familiar with the conduct of the original trial, the needs for judicial management and the requirements of basic fairness to the parties in a new trial.   We do not feel, however, that the trial court's ruling should be inflexible.   Clearly, if the trial court perceives in limiting evidentiary proof in a new trial, a manifest injustice, to one side or the other, the court must retain broad latitude and may with proper notice allow additional witnesses and relevant proof.   In this regard, if a party makes a timely motion to produce new and material evidence which was not otherwise readily accessible or known, the court should, within the exercise of discretion, consider whether denial of the new evidence would create a manifest injustice.

*Cleveland*, 985 F.2d at 1450.   Accordingly, where the court "perceives 'manifest injustice' in limiting evidentiary proof at a new trial . . . it may, with proper notice, allow additional witnesses and relevant proof." *Martin's Herend Imports*, 195 F.3d at 775; *Cleveland*, 985 F.2d at 1450.

The party moving for a modification of a pretrial order has the burden of showing that an amendment is necessary to prevent manifest injustice. *Galdamez v. Potter*, 415 F.3d 1015, 1020

2

(9th Cir. 2005).   In evaluating whether a party has shown manifest injustice that warrants amendment, courts consider four factors: (1) the degree of prejudice or surprise to the non-moving party if the order is modified; (2) the ability of the non-moving party to cure the prejudice; (3) any impact of the modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification.  *Id.*   However, if the moving party knew or should have known that certain witnesses or evidence was necessary at the time of the first trial, then the exclusion of those witnesses during the retrial will likely not be manifestly unjust.  *See Martin's Herend Imports*, 195 F.3d at 775 n. 15.

**B.      Defendant's Motion to Amend the Pretrial Order is GRANTED in part and DENIED in part**

> **1.      Amendment to Add Joyce Richards as a Witness and City of Fresno Building Department Records as Potential Trial Exhibits is GRANTED**

Defendant seeks to amend the pretrial order to add Joyce Richards to the witness list and to add records from the City of Fresno Building Department to the list of potential trial exhibits. Defendant asserts that manifest injustice will occur if it is unable to amend the pretrial order to add this witness and the documents because they are necessary to assist the trier of fact in making a fully informed decision on the case.   Specifically, Defendant seeks to add Joyce Richards, who is a custodian of records for the City of Fresno Building Department.  Defendant asserts that her testimony will be used for the purpose of laying the foundation for the City of Fresno Building Department records and to provide a description to the jury of particular documents.

Plaintiffs assert that neither the witness nor the documents were identified during discovery pursuant to Rules 26(a) and 26(e), and their inclusion at trial would result in unfair surprise.   Defendant responds that the testimony of Ms. Richards would be used only to authenticate City of Fresno Building Department records.   The records themselves will be offered to rebut testimony of Mr. Benjamin, Mr. Young, and Mr. Barbis that the City of Fresno had not approved work Mr. Binder had completed with respect to installation of equipment, and

this was the reason that they refused to pay Mr. Binder.  Defendants also maintain that the City of Fresno Building Records were freely available to Plaintiffs.

Defendant's motion to amend the pretrial order to add Joyce Richards and the City of Fresno Building Department records is granted.  As it pertains to Ms. Richards, her testimony is to be used to authenticate documents from the City of Fresno.  The need for this testimony and evidence did not become clear until after Mr. Young, Mr. Benjamin, and Mr. Barbis testified at the first trial that the City of Fresno refused to issue permits based on the work completed by Mr. Binder.  Whether the City of Fresno approved or refused to approve installation work completed by Mr. Binder was an issue raised by Plaintiffs, and the subject of the testimony should not be a surprise.  Moreover, the documents that Defendant intends to use are in the custody of the City of Fresno, were obtained following the first trial, and thus do not constitute documents that Defendant would have been required to disclose or identify pursuant to Rule 26(a) or (e).  As there remains time for Plaintiffs to review the documents that Ms. Richards will authenticate, Plaintiffs have adequate time to cure any prejudice that will arise from modifying the pretrial order to include Ms. Richards as a witness and include the public records from the City of Fresno as potential trial exhibits.  The Court also concludes that presentation of this testimony and the related documents will not affect the course of the trial, nor does the Court find that Defendant has exhibited any bad faith or willfulness by failing to include this witness in the original joint pre-trial statement and seeking to amend now after the first trial has been completed.  *Galdamez*, 415 F.3d at 1020.

## 2.   Defendant's request to add Craig Kunishige as a Witness is GRANTED IN PART

Defendant also seeks to add Craig Kunishige, a former employee of Fresno Rock Taco who worked at Cabo Wabo and is familiar with the conditions of the Cabo Wabo during the late 2008 and early 2009 time period.  Defendant maintains that Plaintiffs will not be surprised by Mr. Kunishige's testimony because, as a former employee, Mr. Kunishige's involvement was known by Plaintiffs since before they filed suit.  (Doc. 239, 3:23-26.)  Moreover, Mr. Costa

gave testimony at the first trial regarding Mr. Kunishige's involvement in the events related to the case.

To the extent that Craig Kunishige's testimony will be offered as impeachment evidence, Defendant would not have been under an obligation to identify him as a person likely to have discoverable information under Rule 26(a)(1)(A)(i).  For impeachment purposes, the pretrial order shall be amended to include Craig Kunishige as a potential witness.  To the extent that Defendant will offer Mr. Kunishige's testimony to support Defendant's substantive defenses, the Court has no evidence that he was identified as a witness by Defendant during discovery. Defendant has failed to offer the anticipated substance of Mr. Kunishige's testimony or why Defendant could not have reasonably anticipated the need for Mr. Kunishige's testimony at the time of the September 11, 2012, pretrial order.  Moreover, although Defendant generally states that Mr. Costa gave testimony regarding Mr. Kunishige's involvement, Defendant does not specify the substance of Mr. Costa's testimony in this regard or why Defendant only recently became aware of the need for Mr. Kunishige's testimony.  As such, the pretrial order is amended to list Mr. Kunishige, but such amendment is limited in that Defendant may only offer Mr. Kunishige's testimony for impeachment purposes.  To the extent that Defendant seeks to add Mr. Kunishige as a witness to provide testimony relevant to the merits of Defendant's defenses, the motion for amendment of the pretrial order is denied.  *Martin's Herend Imports*, 195 F.3d at 775 n. 15 (if the moving party knew or should have known that certain witnesses or evidence was necessary at the time of the first trial, then the exclusion of those witnesses during the retrial will likely not be manifestly unjust).

### 3.    Defendant's Request to Add Additional Exhibits is GRANTED

Defendant seeks to amend the pretrial order to include additional potential exhibits. Defendant states these documents fall into the following five categories:[2]

1.    Emails supporting testimony given by Paul Binder at the first trial;

2.    Emails supporting testimony by Alex Costa at the first trial;

---

[2] Defendant's request for amendment with respect to the City of Fresno Building Department records was granted as addressed above in Section B(1).

3.      Emails relating to the testimony of Martin Boone;

4.      Additional photographs to support testimony by Paul Binder; and

5.      Higher quality versions of photographs already admitted as a joint exhibit.

Defendant maintains that all of these documents are already within Plaintiffs' care, custody, or control, thus there is no prejudice to Plaintiffs if the pretrial order is amended to include these documents as potential trial exhibits.  Additionally, the content of the emails was part of the testimony of Mr. Binder and Mr. Costa at the first trial.  Defendant further asserts that the photographs that were not already included as exhibits come from either the architect who designed the Cabo Wabo or from Paul Binder; as such, Plaintiffs were positioned to obtain copies of these photographs at any time.

Plaintiffs have stipulated to Defendant's request with respect to number 5 above, i.e., for higher quality photographs of a joint exhibit.  (Doc. 258.)  As to the remainder of the documents, Plaintiffs contend that these documents were obtained after discovery was closed, and this evidence would be merely cumulative.  (Doc. 258, 3:25-4:18.)  Further, Mr. Binder failed to produce to Plaintiffs some of the email correspondence at the time of his deposition as required by his deposition subpoena, and Defendant should not be permitted to now present those documents as evidence at trial.  Plaintiffs also contend that Defendant had access to all of this documentary evidence at the time it prepared its potential exhibit list for purposes of the September 2012 pretrial conference, but failed to identify it.  As such, Defendant has failed to establish an inability to include it at the second trial will result in manifest injustice.  (Doc. 258, 4:13-18.)

The email correspondence does not constitute surprise or unfair prejudice to Plaintiffs because it was all either sent to or sent by Milton Barbis, and these documents have been in the possession of Plaintiffs during the course of the litigation.  Even to the extent that Plaintiffs assert that Mr. Binder failed to produce some of the email correspondence at his deposition, the email was available to Plaintiffs as it had been sent to or received by Mr. Barbis.  Additionally, because it appears that Defendant obtained additional photographs used to support the testimony of Paul Binder from the Cabo Wabo architect and from Mr. Binder after the first trial, they were

6

not in the possession, control, or custody of Defendant for purposes of Rule 26(a) or 26(e) disclosures during discovery and the documents were equally available to Plaintiffs.  As these documents will be necessary to support testimony given at the first trial, the Court finds that amendment of the pretrial order to include these documents will not be prejudicial to Plaintiffs and no curative measures will be required that will hamper the efficient course of the trial. Further, the Court has no evidence that Defendant seeks amendment in bad faith.  For these reasons, Defendant's motion to amend the pretrial order to include these as potential trial exhibits is GRANTED.

### 4.    Defendant Request for Clarification of the Pretrial Order with Respect to Exhibits Used Solely for Purposes of Impeachment is GRANTED

Defendant contends that the pretrial order does not require disclosure of impeachment exhibits, and seeks an order clarifying that the parties are permitted *not* to disclose or pre-mark those exhibits they intend to use solely for impeachment purposes.   Plaintiffs stated no opposition to this request for clarification.

Pursuant to the Federal Rules of Civil Procedure, the parties are exempt from otherwise mandatory automatic disclosure of such evidence that a party may present "at trial . . solely for impeachment." Fed. R. Civ. P. 26(a)(3).  The rule is directed at preserving the effectiveness of impeachment evidence for use at trial.   As evidence offered at trial solely for impeachment purposes is not subject to disclosure during discovery, the Court clarifies the pretrial order to reflect that evidence to be used at trial *solely* for impeachment purposes does not need to be identified in the pretrial order or disclosed prior to trial.

However, unlike subsection (a) of Federal Rule of Civil Procedure 26, subsection (b) does not distinguish between substantive and impeachment evidence.  *See Gutshall v New Prime, Inc.*, 196 F.R.D. 43, 45 (W.D. Va. 2000) (ordering disclosure of surveillance evidence that was intended to be used only for purposes of impeachment but was nonetheless responsive to a discovery request made pursuant to Federal Rule of Civil Procedure 26(b)).  As a result, if evidence that has impeachment value is subject to mandatory disclosure or was requested in

7

discovery, a litigant who fails to identify such evidence faces having it excluded at trial, or other ramifications.

The parties are cautioned that if evidence offered for impeachment purposes was requested in discovery but not disclosed, the evidence may nonetheless be excluded from trial. Moreover, if evidence not previously identified or disclosed has relevance to the substance of a claim or defense of the offering party, the evidence will not be deemed as offered solely for impeachment purposes, and it may also be excluded from trial.

### 5.   Defendant's Request to Remove an Undisputed Fact is GRANTED

Defendant requests that the second sentence of "undisputed fact" nine (9) in the pretrial order be moved to the "disputed fact" section.  The "undisputed fact" states that "Binder demanded to be paid the balance of what he claimed he was owed while Barbis, Benjamin and Young claimed that Binder was owed nothing until he completed the work."  (Doc. 127, p. 3, ¶ 9.)  This fact was contradicted by Mr. Binder's testimony during the first trial that Mr. Barbis did not contest the amount owed to Mr. Binder at the time:

> Q:  [Mr. Hager] . . . Did any of the three gentlemen there, Mr. Young, Mr. Barbis, or Mr. Benjamin, did any of them dispute or say they didn't owe you the money?
> A: [Mr. Binder]  No, not at all.
> Q:  Did they ever tell you that?
> A:  Never

(Doc. 249, 19:2-6; Trial Transcript Day 10, 1897:2-6.)

"A stipulation of counsel originally designed to expedite a trial should not be rigidly adhered to when it becomes apparent that it may inflict manifest injustice upon one of the subscribers thereto."  *Central Distributors, Inc. v. M.E.T., Inc.*, 403 F.2d 943, 946 (5th Cir. 1968).  In this case, Defendant has identified Mr. Binder's trial testimony that was inconsistent with the stipulated fact.  The Court agrees that the parties' "undisputed fact" set forth at number nine (9) in the pretrial order was contradicted by Mr. Binder's trial testimony.  As this fact is also part of the "stipulated facts" on which the jury is to be instructed, failure to amend the pretrial order may inflict manifest injustice on Defendant.  Specifically, Mr. Binder's testimony would most likely be viewed by the jury as inconsistent with the stipulated facts, and the jury

could make prejudicial negative inferences regarding the probative value of Mr. Binder's testimony.  It may also contribute to jury confusion.  Plaintiffs will not be prejudiced by this amendment because they may offer their own argument and evidence regarding the amount allegedly owed to Mr. Binder during the course of the trial.

As such, the Court GRANTS Defendant's motion to amend the pretrial order with respect to undisputed fact number nine (9).  Further, this stipulated fact will be removed from the jury instructions.

**C.   Plaintiffs' Motion to Amend the Pretrial Order is GRANTED IN PART AND DENIED IN PART**

On June 27, 2013, Plaintiffs filed a motion to amend the September 11, 2012, pretrial order.  (Doc. 241.)  As an initial matter, the Court ordered that any motion to amend the pretrial order be filed no later than June 19, 2013.  (Doc. 229.)  During an informal telephonic status conference, the Court extended the deadline to file a motion to amend the pretrial order to June 26, 2013, to accommodate Plaintiffs and the substitution of new counsel on their behalf.  (*See* Docs. 235, 238.)  Notwithstanding this extension of time, Plaintiffs filed their motion out of time, asserting that a calendaring mistake caused the untimely filing.  Although the motion was filed out of time, the Court will nonetheless consider it on its merits.

Plaintiffs seek to add potential trial exhibits to include Defendant's financial statements from 2010, 2011, and 2012; attorney billing records of Mr. Richard Hamlish to support *Brandt* fees; and billing records from Paul Smith and Benjamin Tryk in relation to *Brandt* fees.  Plaintiffs also seek to add witnesses to the pretrial witness list to include a person most knowledgeable relating to Defendant's financial statements, as well as Richard Hamlish, Paul Smith, and Benjamin Tryk to provide testimony in relation to *Brandt* fees.  Plaintiffs contend that manifest injustice will occur if they are not allowed to amend the order to include this evidence and these witnesses as it will result in precluding the admission of the evidence at trial. With regard to evidence of Defendant's financial statements, Plaintiffs contend this constitutes evidence that should be no surprise as these documents are known to Defendant, are publicly

available, and are the type of documents typically offered in insurance bad faith cases to support a claim for punitive damages.

### 1.  Plaintiff's Request to Include Attorney Billing Records as an Exhibit and Add Plaintiffs' Counsel as Witnesses is DENIED

With respect to the billing records, Plaintiffs assert that these are a common and necessary component of establishing *Brandt* fees in a bad faith cases, and the witnesses identified are only needed to authenticate the documentary evidence.  As this evidence is the type regularly offered in bad faith cases, Plaintiffs contend "it is hard to imagine that there would be anything [prejudicial] for Defendants to cure." (Doc. 241, 3:23-24.)  Plaintiffs further contend that Defendant has known about the issue of the *Brandt* fees since the filing of the complaint, thus there is no unfair surprise with respect to this evidence.  Plaintiffs contend the additional evidence and witness testimony will not affect the timing of the trial and are not expected to add more than 15 to 30 minutes of testimony.  Finally, Plaintiffs assert that the amendment is not sought in bad faith.

Defendant opposes Plaintiffs' request for amendment to add these documents and witnesses, asserting that this issue was finally disposed of in the Court's order on Defendant's Rule 50 motion during the course of the first trial.  Defendant asserts that the Court's ruling on its Rule 50 motion during the course of trial "is a final judgment" on the issue of *Brandt* fees and punitive damages.

Plaintiffs contend that Defendant was precluded by Magistrate Judge McAuliffe from filing any dispositive orders, thus Defendant should not have been permitted to file a Rule 50(a) motion during the course of trial.

### a.  The Court's Decision on Defendant's Rule 50 Motion During the First Trial Does Not Preclude Amendment of the Pretrial Order

Without any citation to case authority, Defendant argues that the Court's decision regarding its Rule 50(a) motion during the course of the first trial is a final judgment as a matter of law that may not be revisited now or undercut by any amendment of the pretrial order.  This argument is reasonable in the sense that summary judgment motions granted prior to trial would

not necessarily be reconsidered simply because a mistrial occurred on the issues remaining in the case.  Nevertheless, the Court's decision on Defendant's Rule 50(a) motion did not constitute a "final judgment."

Pursuant to Federal Rule of Civil Procedure 54(b), until the court expressly directs entry of final judgment, an order that resolves fewer than all of the claims among all of the parties is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.  As the Supreme Court has noted, "every order short of a final decree is subject to reopening at the discretion of the district judge."  *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 12, 13 n.14 (1983).  Thus, even where directed verdicts were ordered before a trial by one judge, those orders did not bind the judge to whom the case was assigned for a new trial.  *Gregg v. U.S. Industries, Inc.*, 715 F.2d 1522, 1530 (11th Cir. 1983), *as clarified on rehearing*, 721 F.2d 345 (per curiam), *cert denied*, 466 U.S. 960; *see also Allison v. Bank One-Denver*, 289 F.3d 1223, 1247 (10th Cir. 2002) ("A lower court's ability to depart from its own prior decisions is discretionary.").  Therefore, the Court's decision on Defendant's Rule 50(a) motion is not law of the case, and may be reconsidered at any time prior to the issuance of a final judgment.  Further, the Court's ruling on the Rule 50(a) motion was predicated on the fact that Plaintiff was precluded, as a sanction for violation of pretrial orders, from presenting any evidence of *Brandt* fees or punitive damages.  Under these circumstances, refusing to allow Plaintiffs to amend the pretrial order on the ground that the Rule 50(a) motion has preclusive effect applies circular logic and fails to address the threshold issue of whether Plaintiffs will suffer manifest injustice if the pretrial order is not amended.  In sum, the Court's ruling on Defendant's Rule 50(a) motion does not preclude amendment of the pretrial order as a matter of law.

As to Plaintiffs' argument that Defendant was precluded from filing a Rule 50(a) motion and thus it should not have been granted at trial, Plaintiffs raised this argument in response to Defendant's Rule 50(a) motion at the first trial, and it was rejected by the Court on the record. (Doc. 254, 190:6-191:20; Trial Transcript, Day 8, p. 1807:6-1808:20.)

### b.   Plaintiffs' Attorney Billing Records and Witnesses Are Precluded from Trial Pursuant to Rule 37(c)

Defendant asserts that Plaintiffs should not be permitted to amend the pretrial order to include evidence of attorney billing records because those records were never identified pursuant to Rule 26(a) during the course of discovery.  (Doc. 259, 4:19-24.)  Defendant claims that Plaintiffs did not produce any billing records until the "middle of the first trial in this action."

Pursuant to Rule 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  The sanction is self-executing and automatic. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1006 (9th Cir. 2001) (citing rule 37 advisory committee's notes (1993)).

### (i)   Plaintiffs Did Not Disclose or Identify Bill Records in Initial Disclosures or Supplemental Disclosures During Discovery

Plaintiffs produced their sixth and seventh amended initial disclosures to Defendant pursuant to Rule 26(a) and (e).  (See Doc. 262-1, p. 26-43.)  The disclosures do not provide a description of attorney billing records as documents in Plaintiffs' possession, custody, or control that may be used to support Plaintiffs' claims.  While Plaintiffs had no duty to *produce* these documents absent a discovery request, they were nonetheless obligated to provide a description of the documents by category and location pursuant to Rule 26(a)(1)(A)(ii).  *R & R Sales, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246-47 (9th Cir. 2012).

In *R & R*, the Plaintiff failed to produce either a copy or a description of the documents on which it based its damages calculation for *Brandt* fees, i.e., attorney billing records.  Instead, the plaintiff's Rule 26(a) disclosures simply provided an approximate amount of the plaintiff's *Brandt* fees' request without describing the documents on which it based the request.  *Id.* Further, the plaintiff failed to supplement its disclosures as required by Rule 26(e) after it became evident that the initial disclosures were incomplete.  *Id.*  The appellate court held that the district court did not abuse its discretion in finding that the plaintiff had failed to meet its

disclosure obligations under Rule 26(a)(1) and Rule 26(e)(1).  *Id.* Here, Plaintiffs failed to identify or provide a copy of the documents upon which their claim to *Brandt* fee damages is based pursuant to Rule 26(a) and Rule 26(e).

**(ii)      Plaintiffs' Failure to Disclose was Not Harmless or Substantially Justified**

The first time Plaintiffs' attorney's records were ever identified as documentary evidence Plaintiffs expected to use at trial occurred on October 19, 2012, when Plaintiffs filed their final exhibit list.  (Doc. 157.)  Aside from the voluntary disclosure rules pursuant to Rule 26(a) and (e), the Court's Local Rules required the parties to file a joint pretrial statement that included, among other things, "[a] list of documents or other exhibits that the party expects to offer at trial."  Local Rule 281(b)(11).  The Local Rule also cautions parties that "[o]nly exhibits so listed [in the pretrial order] will be permitted to be offered at trial except as otherwise provided in the pretrial order."  Local Rule 281(b)(11).

Plaintiffs' counsel's attorney billing records were not identified as a potential exhibit for purposes of the joint pretrial statement the parties filed in advance of the pretrial conference. (Doc. 116, p. 33-37.)  As a result, these documents were not listed as a potential exhibit in the pretrial order.  (Doc. 127.)  The pretrial order expressly informed the parties that "[o]nly those exhibits that are listed in this pretrial order may appear on the final exhibit list" and "**no exhibit, other than those listed in the final exhibit list, may be admitted at trial unless the parties stipulated or upon a showing that this order should be modified to prevent 'manifest injustice.'**"  (Doc. 127, p. 26, Section Q (emphasis in original).)  Nonetheless, Plaintiffs filed a final exhibit list on October 19, 2012, that listed Plaintiff's counsel's billing records as a trial exhibit.  (Doc. 157.)

Plaintiffs purportedly provided Defendant with a copy of the documents comprising that exhibit in October 2012,[3] which appears to have been the same exhibit Plaintiffs attempted to introduce at the May 2013 trial.  (*See* Docs. 218, 219).  The exhibit itself only contained billing

---

[3]  Defendant disputes this contention and claims it did not receive a copy of the billing records until during the course of the May 2013 trial.  (Doc. 259, 4:24-25 ("Plaintiffs did not [list billing records during discovery,] did not produce any billing records until the middle of the first trial in this action.").)

13

records through May 2012.  (*See* Doc. 218, 7:2-3 ("And, inexplicably, Exhibit P-218 that Plaintiffs now proffer only provides billing entries through May 2012.").)  Further, the records were not complete as they included the notation "Brandt fees" and were pre-allocated to only that work purportedly performed to obtain policy benefits, i.e., work compensable under *Brandt*. (*See* Doc. 218, 8:13-21 (discussing incompleteness of attorney billing records proffered by Plaintiffs).)

Plaintiffs have not explained why the billing records were not disclosed pursuant to Rule 26(a) or 26(e), nor have they produced an up-to-date and unallocated copy of the billing records to Defendant.  Plaintiffs identified the billing records as a potential trial exhibit on October 19, 2012, past the deadline for Defendant to file a motion in limine regarding evidence preclusion as a discovery sanction.  This disclosure was also made on the eve of the originally scheduled trial, permitting no time for Defendant to cure the prejudice.  There is also a dispute whether Plaintiff even produced a copy of the records to Defendant. Significantly, Plaintiffs still have not provided Defendant with a copy of Plaintiffs' counsel's billing records they wish to offer as a trial exhibit.

Defendant lacked fair notice of Plaintiffs' intent to use this evidence to prove their claims, and the identification of the records in October 2012 did not render the lack of disclosure harmless.  Plaintiffs' disclosure on the eve of trial left Defendant without adequate time to cure the prejudice.  Further, since the issue was addressed at the May 2013 trial, Plaintiffs have done nothing to disclose these documents to Defendant in an attempt to cure any prejudice that arose as a result of failing to identify the documents during the course of discovery or at the pretrial stage of these proceedings.

Given the lack of identification of this evidence during the entire course of discovery or in advance of the pretrial conference, and Plaintiffs' continued failure to cure this failure by producing the complete billing records either during the May 2013 trial, immediately after the trial, or in support of Plaintiffs' current motion, the Court cannot conclude that such a lack of disclosure is harmless or substantially justified.  Pursuant to Rule 37(c), the sanction for such failure is preclusion of the evidence.  As such, billing records of Plaintiffs' new counsel must

also be excluded because no attorney billing records were ever identified as documents Plaintiffs intended to offer to support their claims.[4]

Finally, Plaintiffs failed to timely identify any witnesses to properly authenticate the billing records. While Plaintiffs seek to amend the pretrial order to add Mr. Hamlish, Mr. Tryk, and Mr. Smith as witnesses, Plaintiffs' counsel was not identified in any of Plaintiffs' initial or supplemental disclosures -- even generically -- as persons likely to have discoverable information that the Plaintiffs may use to support their claims or defenses pursuant to Rule 26(a)(1)(A)(i) or 26(e)(1). This failure was not harmless or substantially justified.

In sum, Plaintiffs knew they would need evidence to support a damage award for *Brandt* fees, yet failed to identify their counsel as potential witnesses with discoverable information. Not only was Plaintiffs' counsel never identified as potential witnesses pursuant to Rule 26(a) or (e), they were never identified as potential witnesses at the pretrial conference or in the pretrial order. In light of the need for allocation between work performed to obtain policy benefits and work performed that is non-compensable under *Brandt*, Defendant was deprived of the opportunity to depose counsel to analyze how the attorney work was billed. Thus, Plaintiffs' counsel is precluded pursuant to Rule 37(c) from testifying at trial as to attorneys' fees for purposes of the claimed *Brandt* fee damages.

### c.    Plaintiffs Have Not Established Manifest Injustice to Amend the Pretrial Order

Even to the extent that this evidence and these witnesses were not precluded from being offered at trial pursuant to Rule 37(c) due to Plaintiffs' failure to meet their disclosure obligations under Rules 26(a)(1) and 26(e)(1), the Court finds that Plaintiffs have not established the requisite manifest injustice to amend the pretrial order. While the Court

---

[4] The Court need not make a finding of willfulness or bad faith on the part of Plaintiffs because, unlike *R & R*, precluding Plaintiffs' *Brandt* fee evidence is not tantamount to dismissal of a claim. The preclusion does not deal a fatal blow to the *Brandt* fees claim *and* Plaintiffs' request for punitive damages. Here, there are other compensatory damages upon which punitive damages may be awarded. *Id.* at 1247, n. 1 (contrasting *Hoffman v. Construction Protective Servs., Inc.*, 541 F.3d 1175,1180 (9th Cir. 2008). Nevertheless, the continued failure of Plaintiffs to identify this evidence during discovery and their continued failure to produce the evidence to Defendant once the issue of its inclusion at trial was raised in May 2013, evidence a willful withholding of the billing records.

recognizes Plaintiffs' need for this evidence to establish their *Brandt* fee damages, if the Court were to allow amendment of the pretrial order at this stage, it would result in a high degree of prejudice to Defendant.

As discussed above, Plaintiffs never identified attorney billing records as evidence they intended to use in support of their *Brandt* fee damages nor did they identify their counsel, even generically, as persons who may have discoverable information regarding the records.  Because the billing records themselves were not identified during the course of discovery as documents Plaintiffs intended to use to support their claim, Defendant never requested those documents during the course of discovery.  Plaintiffs' failure to disclose this evidence precluded fair notice to Defendant of the evidence Plaintiffs intended to use to support their *Brandt* fee damages, and Defendant also lacked a sufficient opportunity to depose Plaintiffs' counsel regarding even the incomplete billing records that were eventually identified in October 2012, just prior to the original October 2012 trial date.

With respect to Defendant's ability to cure this prejudice, Defendant has little opportunity to undertake curative measures as the trial is set to begin in less than two weeks. Although billing records may constitute a typical component of *Brandt* fee evidence, review of the billing records – particularly since Plaintiffs have not even identified the scope of the records – will necessitate detailed review to assess whether attorney work was allocated properly as work compensable under *Brandt*.[5]  With regard to the impact on the orderly and efficient conduct of trial, Plaintiffs have been aware of the need for these billing records since they included them in their final exhibit list in October 2012.  However, to date, Plaintiffs have failed to provide a <u>complete</u> copy of the billing records they seek to use at trial to Defendant or the Court.  The inability to produce these documents at this late stage does not give the Court assurance that any trial continuance for Plaintiffs to provide this evidence to Defendants would

---

[5] Recoverable attorney's fees under *Brandt* are limited to those fees incurred to obtain the policy benefits wrongfully denied.  Attorney's fees expended to obtain damages exceeding the policy limit or to recover other types of damages are not recoverable as *Brandt* fees.  *Brandt v. Super. Ct.*, 37 Cal. 3d 813, 819 (1985).

be short-lived or efficient.[6]   Because only the portion of attorney work performed to obtain policy benefits is compensable under *Brandt*, preparation for and the examination of Plaintiffs' counsel on the issue of allocation is likely to be involved, creating further unexpected delay.

Finally, Plaintiffs' failure to meet their obligations pursuant to Rule 26(e) or (e), failure to timely disclose or identify the documents or witnesses for purposes of trial pursuant to the pretrial order, and failure to even *attempt* to cure the ongoing prejudice to Defendant by providing the documents and making the witnesses they wish to testify immediately available to Defendant for deposition, evidence continued willful inaction.  *Cf. Henry v. Gill Industries, Inc.*, 983 F.2d 943, 949 (9th Cir. 1993) ("[D]isobedient conduct not shown to be outside the control of the litigant" is all that is required to demonstrate willfulness, bad faith or fault (internal quotation marks and citation omitted)); *see also Star Pac. Corp. v. Star Atlantic Corp.*, No. 08-cv-4957 (SDW), 2009 WL 3380617, *4 (D.N.J. Oct. 20, 2006) (party's repeated inaction demonstrated willful decision to disregard discovery obligations and orders of the court).

Under these circumstances, the Court finds that Plaintiffs have not satisfied their burden to establish that manifest injustice will result if the pretrial order is not amended to identify Plaintiffs' counsel's billing records as an exhibit or to add Plaintiffs' counsel as witnesses to authenticate and provide testimony about the documentary evidence.  Given the limited time before trial and a track record for delay, the Court cannot conclude that the manifest injustice factors tilt in favor of amendment.  Plaintiffs' request to amend the pretrial order with respect to their counsel's billing records and to add counsel as trial witnesses is DENIED.

### 2.   Plaintiffs' Motion to Amend the Pretrial Order as to Defendant's Financial Information is GRANTED

Plaintiffs seek to amend the pretrial order to list Defendant's financial statements from 2010, 2011, and 2012 as an exhibit to support their claim for punitive damages.  Plaintiffs assert that this evidence has been in the possession of the California Department of Insurance ("DOI").  As such, it was not a document subject to disclosure under Rule 26(a)(1)(A)(ii), despite

---

[6] As it relates to Plaintiffs' ability to efficiently abide by court-ordered deadlines, even Plaintiffs' current motion to amend the pretrial order was filed beyond the time permitted by the Court.

Defendant's suggestion to the contrary. (*See* Doc. 259, 4:25-27 ("though providing a copy would have been unnecessary, plaintiffs did not include any description by 'category or location' of the proposed financial exhibits identified in their motion").) A computation of damages was provided by Plaintiffs in their supplemental disclosures, and there is no evidence that Plaintiffs failed to "make available" those documents upon which the damages calculation was based. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii).

Similar to the City of Fresno Building Department records considered in Defendant's motion to amend the pretrial order, Defendant's financial information as filed with the DOI is a matter of public record ostensibly prepared and submitted to the DOI by Defendant itself. As such, Defendant will not be prejudiced or surprised by the content of these documents. As the Court finds that Defendant will suffer no prejudice if the pretrial order is amended to include these documents as a potential trial exhibit, no curative measures are required by Defendant. Modification of the pretrial order in this respect will have little impact on the orderly and efficient course of the trial, as this evidence will not take much additional time to offer and Defendant may stipulate to bifurcation – if it elects to do so – such that this punitive damage evidence could be offered *after* the liability phase of the trial.

With respect to Plaintiffs' request to modify the pretrial order to name the person most knowledgeable relating to Defendant's financial statements from 2010, 2011, and 2012, this person would be called as a witness only to authenticate the financial statements. As with Defendant's own request to amend the pretrial order to include Ms. Richards, whose testimony is necessary to authenticate documents from the City of Fresno, this witness's testimony will not constitute unfair surprise. Moreover, the Court does not perceive any prejudice from allowing the person most knowledgeable to testify to documents that Defendant ostensibly caused to be filed with the DOI. Plaintiffs have adequately established that manifest injustice will occur if they are not allowed to offer any evidence with respect to Defendant's financial statements and punitive damages.[7]

---

[7] The admissibility of the financial statements must be established at the time of trial; by amending the pretrial order, the Court makes no determination as to the admissibility of these documents.

### III.   CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.      Defendant's motion to amend the pretrial order is

      a.      DENIED to the limited extent that it seeks to identify Craig Kunishige as a witness who will offer testimony other than that solely for impeachment purposes; and

      b.      GRANTED in remaining aspects;

2.      Plaintiffs' motion to amend the pretrial order is

      a.      DENIED as to evidence and testimony related to *Brandt* fees; and

      b.      GRANTED as to evidence and the person most knowledgeable related to Defendant's financial statements.

IT IS SO ORDERED.

Dated:   **July 18, 2013**                          **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE