John V. Hager (SBN 61384)
Sean D. Cooney (SBN 253558)
**Hager Dowling Lim & Slack**
319 East Carrillo Street
Santa Barbara, California  93101
805-966-4700; Fax: 805-966-4120
mail@hdlaw.com

Attorneys for Defendant, National Surety Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| Fresno Rock Taco, LLC, a California limited liability company; Zone Sports Center, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>National Surety Corporation, a Fireman's Fund company; Does 1-10, inclusive,<br><br>Defendants. | CASE NO. CV F 11-0845 SKO<br>Magistrate Judge Sheila K. Oberto<br><br>**Motion to Dismiss Fresno Rock Taco LLC's Claims with Prejudice as Barred by the Doctrine of Judicial Estoppel**<br><br>*Filed Concurrently with Declaration of Sean D. Cooney and Declaration of John V. Hager* |

# **TABLE OF CONTENTS**

**PAGE**

I. Introduction ................................................................................................................. 1

II. Factual Background .................................................................................................... 2

III. Fresno Rock Taco Is Collaterally Estopped from Relitigating the Factual Issue that Milton Barbis is the Sole Owner of Rock Taco ......................................... 3

IV. Legal Standard for Judicial Estoppel .......................................................................... 4

V. Fresno Rock Taco, LLC is Judicially Estopped from Pursuing Its Claims ................ 5

VI. Consideration of this Issue is Warranted Now ........................................................... 6

    A. Mr. Barbis's Testimony Under Oath Caused National Surety's Counsel to Not Thoroughly Analyze Filings and Orders from the 1983 Action ............................................................................................................ 6

    B. The Policy Considerations Behind Judicial Estoppel Militate Strongly In Favor of Dismissing Fresno Rock Taco From the Action ......................... 8

    C. Plaintiffs' Former Counsel, Richard Hamlish, Actually Knew of His Own Client's Statements, Yet Failed to Apprise the Court Prior to the First Trial ..................................................................................................... 9

VII. National Surety's Previous Motion for Judgment on the Pleadings Does Not Bar the Instant Motion ............................................................................................... 10

VIII. Conclusion ................................................................................................................ 11

## I.

## Introduction

This motion rests on the doctrines of judicial estoppel and collateral estoppel. These two doctrines exist not only to protect parties from having to litigate claims already determined; they serve as well to protect the court. The predicate for this motion is the judgment entered on July 15, 2013, in *Fresno Rock Taco v. Rodriguez, et al.,* case number 11-CV-00622 SKO (the "1983 action"). As part of that judgment, the court decided that Milton Barbis's failure to list a suit by Fresno Rock Taco as an asset in his bankruptcy judicially estops Rock Taco from pursuing the 1983 action.

Barbis likewise failed to list the present case in his bankruptcy petition. Although other issues differ between the two suits, Barbis's failure to list the suits in his bankruptcy petition and the finding that he is 100% owner of Rock Taco are identical in the two cases. Fresno Rock Taco is barred by collateral estoppel and judicial estoppel from pursuing this lawsuit, which should be dismissed.

Plaintiffs were represented until recently by the same counsel in both cases, Richard Hamlish, and are still represented by Mr. Hamlish in the case where judgment was entered. Unlike defense counsel, plaintiffs and their lawyers knew all along of the details of the order. Despite that knowledge, counsel for plaintiffs nevertheless elicited false, misleading testimony during trial of this case.

Defense counsel was unaware until recently of the details and applicability of the judgment and the order on which it was based. Until now, we accepted Mr. Barbis's testimony and Mr. Hamlish's representation as officer of the court that Mr. Barbis was not the sole owner of Fresno Rock Taco. Now we have learned that not only did Mr. Barbis admit under oath that he was the 100% owner, the court had already determined his 100% ownership before trial of the present case. Yet Mr. Hamlish, on direct exam, elicited from Mr. Barbis testimony to the contrary during the trial of this case.

Now that we have learned the full story, we bring this motion, which it is in the interests of the parties and the court to decide now rather than later. The facts and law on

1    Motion to Dismiss Fresno Rock Taco LLC's Claims with Prejudice as Barred by the Doctrine of Judicial Estoppel

which the motion rests are already established.  Because Judge O'Neil's has decided that Mr. Barbis was the sole owner of Rock Taco, Rock Taco should also be precluded from pursuing its claims against National Surety.  Allowing Rock Taco to proceed would allow it to take inconsistent positions, benefit from inconsistent testimony and thereby harm the integrity of the judicial process and the Court.

## II.

## Factual Background

The story of Fresno Rock Taco, LLC "playing fast and loose" with the courts began on October 30, 2009, eight months after it made its claim to National Surety, when Milton and Heidi Barbis filed for bankruptcy.[1]  As the 100% owner of Fresno Rock Taco,[2] Mr. Barbis was required by law to disclose any claims, including insurance claims, in his bankruptcy petition or be judicially estopped from pursuing them in a later lawsuit.[3]  Mr. Barbis did not list Rock Taco's claim with National Surety in that petition.

In addition to not listing the claim against National Surety, Mr. Barbis also failed to disclose his claims against Fresno Police Detective Brendan Rhames, the City of Fresno, or Department of Insurance Detective Benjamin Rodriguez in connection with the May 28, 2009, execution of a search warrant.  Those claims later became the subject of the 1983 Action.  On January 11, 2013, Det. Rhames and the City of Fresno (collectively the "Fresno Defendants") filed a motion for summary judgment against all plaintiffs, including Rock Taco.[4]  Plaintiffs in the 1983 Action opposed the motion on February 9, 2013[5] and

---

[1] *In re: Barbis,* Eastern District of California Bankruptcy Court case number 09-BK-60548; Cooney Dec, **Exhibit B**.

[2] 1983 Action, CM/ECF No. 64, Declaration of Sean D. Cooney ("Cooney Dec.") **Exhibit C**, pg. 5:13-16.

[3] *See, Hamilton, supra,* 270 F.3d at 783.

[4] 1983 Action, CM/ECF No. 55.

[5] 1983 Action, CM/ECF No. 58.

2   Motion to Dismiss Fresno Rock Taco LLC's Claims with Prejudice as Barred by the Doctrine of Judicial Estoppel

Det. Rhames replied on February 14, 2013.[6]

On March 6, 2013, Judge Lawrence O'Neil issued an order granting summary judgment and dismissing Rock Taco and The Fine Irishman from that case.[7] Final judgment on that order, however, was not entered until July 15, 2013.[8] In that order, Judge O'Neil found,

> Mr. Barbis' deposition testimony and a declaration prepared for a case in the Northern District4 provides that Mr. Barbis is the sole owner of Fresno Rock Taco. (Doc. 55-4, p. 3, RT p. 16; Doc. 55-16, p. 5). Mr. Barbis filed for bankruptcy and did not disclose the causes of action brought by Fresno Rock Taco in the instant case to his creditors. Thus, Fresno Rock Taco is judicially estopped from pursuing its claims in this Court. See Hamilton, 270 F.3d at 783. Mr. Barbis' declaration provides that he did not own 100% of Fresno Rock Taco, he "owned 100% of the equity capital but other investors owned 90% of the total capital investment." (Doc. 58-6, p. 6 ¶ 39). *The fact that Mr. Barbis owned 100% of the equity in the company shows that he was the sole owner of the company.*[9]

That finding, in conjunction with the fact Mr. Barbis also did not include the claim against National Surety in the bankruptcy petition, also precludes Rock Taco from pursuing its claims in this case.

### III.
### Fresno Rock Taco Is Collaterally Estopped from Relitigating the Factual Issue that Milton Barbis is the Sole Owner of Rock Taco

"Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."[10] For collateral estoppel to apply, it must involve the same party as to the prior case and that party must have a full

---

[6] 1983 Action, CM/ECF No. 62.

[7] 1983 Action, CM/ECF No. 64, **Exhibit C** to the Cooney Dec.

[8] 1983 Action, CM/ECF No. 96, **Exhibit D** to the Cooney Dec.

[9] 1983 Action, CM/ECF No. 64, **Exhibit C** to the Cooney Dec., pg. 5:13-16 (emphasis added).

[10] *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

1  and fair opportunity to litigate the issue.[11]

2  Rock Taco was a party to the 1983 Action and had a full and fair opportunity to
3  litigate the issue of whether Mr. Barbis the sole owner of Rock Taco. Rock Taco filed an
4  opposition to that motion, including an opposition to the sole-owner argument under
5  Federal Rule of Civil Procedure 56. Mr. Barbis filed a declaration in support of that
6  opposition. Therefore, Rock Taco is not collaterally estopped from challenging Judge
7  O'Neil's finding that Mr. Barbis is "the sole owner of the company."

## IV.
### Legal Standard for Judicial Estoppel

Judicial estoppel is a doctrine that prevents a party from gaining an advantage by taking inconsistent positions at different times during litigation.[12] The doctrine also protects the integrity of the judicial process and to prevent litigants from "playing fast and loose with the courts."[13] The doctrine applies not only to inconsistent positions taken in the same litigation, but applies also (arguably, more strongly) to inconsistent positions taken in separate proceedings.[14] It applies in cases where the court relied on or "accepted" the party's previous inconsistent position.[15]

Judicial estoppel applies to bar breach of contract and bad faith suits by insureds who fail to list their insurance claims as an asset on their bankruptcy petition.[16] The bar applies even if the potential cause of action did not exist at the time of filing for

---

[11] *Montana v. United States*, 440 U.S. 147, 153 (1979)

[12] *Risetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600-601 (9th Cir. 1996).

[13] *Russell v. Rolfs,* 893 F.2d 1033, 1037 (9th Cir. 1990).

[14] *Risetto, supra,* 94 F.3d at 605.

[15] *Interstate Fire & Casualty Co. v. Underwriters at Lloyd's, London*, 139 F.3d 1234, 1239 (9th Cir. 1988)

[16] *Hamilton, supra,* 270 F.3d at 783 (citing *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992)

bankruptcy, but so long as it existed at any time during pendency of the bankruptcy.[17]  This is because a debtor may amend his schedules as a matter of course during the pendency of the bankruptcy to add assets as he becomes aware of them.[18]

## V.

## **Fresno Rock Taco, LLC is Judicially Estopped from Pursuing Its Claims**

Mr. Barbis knew of the claims against National Surety at the time he filed his bankruptcy petition on October 30, 2009.[19]  According to the First Amended Complaint ("FAC"), the alleged robbery took place between January 12 and February 5, 2009.[20]  A claim was submitted to National Surety ten days later, on February 15, 2009.[21]  Under these alleged facts, Mr. Barbis was aware of his claim, which he has valued at over $6.5 million[22], no fewer than eight and a half months prior to filing for bankruptcy on October 30, 2009.  Yet a review of his petition shows these claims are not listed.  In particular, the dollar value of this claim should have been included as part of Schedule B on the Summary of Schedules.[23]  Also, Mr. Barbis checked "None" for Schedule B, Question 21, "Other contingent and unliquidated claims of *every nature*…"[24]

Mr. Barbis also could have included the claims as part of the value of Rock Taco and Zone Sports in Schedule B, Question 13.[25]  Instead, he listed the value of all his LLCs,

---

[17] *Hamilton, supra,* 270 F.3d at 784.

[18] *Id.* at 785; Fed. R. Bankr. P. 1009(a).

[19] Cooney Dec., **Exhibit B**.

[20] FAC, ¶ 12.  (11-CV-00845 SKO, CM/ECF No. 25.)

[21] FAC, ¶ 19.

[22] *See, e.g.,* Pretrial Order (CM/ECF No. 127), p 21:9-15.

[23] Cooney Dec., **Exhibit B, pg. B-11**.

[24] Cooney Dec., **Exhibit B, pg. B-16;** *See also, Hamilton, supra,* 270 F.3d at 781 (indicating this particular question, formerly Question 20, was the appropriate place to list insurance claims).

[25] Cooney Dec., **Exhibit B, pg. B-16**.

including Rock Taco and Zone Sports, as $0.[26]  Mr. Barbis should have properly listed the LLCs as having at least $6.5 million of contingent value.

Judge O'Neil found that it was undisputed that Mr. Barbis was the sole owner of Rock Taco.  He also found that it was undisputed that Mr. Barbis had not listed his claims in the 1983 Action on his bankruptcy petition.[27]  Based on this, he found, under *Hamilton*, that Rock Taco was judicially estopped from pursuing its claims in the 1983 Action.[28]  The same principle applies here.

## VI.

## Consideration of this Issue is Warranted Now

**A.   Mr. Barbis's Testimony Under Oath Caused National Surety's Counsel to Not Thoroughly Analyze Filings and Orders from the 1983 Action**

At the July 26, 2013, telephonic hearing, Magistrate Judge Stanley Boone expressed concern that this issue was being raised only now, instead of in advance of the first trial in this action.  The reason for the delay is that counsel for National Surety was unaware of the relevance of Judge O'Neil's March 6, 2013, order granting summary judgment in the 1983 Action (the "MSJ Order") until the judicial estoppel issue was pointed out by counsel for Benjamin Rodriguez on July 23, 2013.[29]

The reason why counsel did not carefully analyze the MSJ Order was that Mr. Barbis testified under oath on November 30, 2011, that he was not the sole member of Rock Taco.[30]  On December 2, 2011, Howard Young confirmed Mr. Barbis's testimony, testifying that Mr. Young had invested money with Rock Taco and his understanding was

---

[26] *Id.*

[27] Cooney Dec., **Exhibit C**, 5:10-12.

[28] Cooney Dec., **Exhibit C**, 5:6-6:2.

[29] Declaration of Sean D. Cooney, ¶ 12.

[30] Cooney Dec., ¶ 3.

he received an 18% share.[31] Because Mr. Barbis described the nature of Mr. Young's relationship as "informal," National Surety challenged Rock Taco's continued involvement by way of a motion for judgment on the pleadings, which was filed on May 2, 2012.[32] In the opposition to the motion, filed May 15, 2012, plaintiffs' counsel warranted, pursuant to Federal Rule of Civil Procedure Rule 11[33] that Rock Taco had six investors.[34] Judge O'Neil relied on this representation in denying National Surety's motion.[35]

By March 6, 2013, counsel for National Surety felt the issue of Rock Taco's ownership a closed matter – Mr. Barbis testified Rock Taco had several owners, which was confirmed by Mr. Young, and Mr. Hamlish represented Rock Taco had several investors. Therefore, when Judge O'Neil entered the MSJ Order, counsel for National Surety had no reason to believe that the grounds for granting summary judgment included judicial estoppel against either Rock Taco or Zone Sports.[36] In addition, the 1983 Action, while it shares some common facts and witnesses, is legally and factually distinct.[37] Finally, both Mr. Hager and Mr. Cooney had other matters drawing their attention away from an order in a case they had no direct involvement in.[38] Because of this, counsel did not analyze the

---

[31] Cooney Dec., ¶ 4.

[32] Cooney Dec., ¶ 5.

[33] "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

…

(3) the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3).

[34] Cooney Dec., ¶ 6.

[35] Cooney Dec., ¶ 7.

[36] Cooney Dec., ¶ 3-7.

[37] Cooney Dec., ¶ 9.

[38] Hager Dec., ¶ 1-4, Cooney Dec. ¶ 9.c.

1   MSJ Order when it was entered.[39]

2   Counsel only became aware of the import of the MSJ Order on July 23, 2013, when
3   contacted by the attorney for Benjamin Rodriguez.[40]  After this call, counsel analyzed the
4   MSJ Order and the evidence presented in the summary judgment briefing and discovered
5   that Mr. Barbis had, on October 2, 2012, testified directly contrary to his November 30,
6   2011, testimony.  Once counsel became aware of the issue and confirmed its applicability
7   in this case, it promptly contacted plaintiffs' counsel, which resulted in the July 26, 2013,
8   conference with Judge Boone.[41]

### B. The Policy Considerations Behind Judicial Estoppel Militate Strongly In Favor of Dismissing Fresno Rock Taco From the Action

Setting aside the question National Surety's diligence, the policy behind judicial estoppel militate strongly in favor of dismissing Rock Taco from this case.  There are three, major policy considerations behind the doctrine of judicial estoppel.  Judicial estoppel prevents a party from gaining an advantage by taking inconsistent positions in different judicial proceedings.[42]  Judicial estoppel is also based on "'general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings,' and to 'protect against a litigant playing fast and loose with the courts.'"[43]

If the Court were to deny the motion because of the timing issue, it would be permitting Rock Taco to take advantage of the inconsistent positions it has taken in various judicial proceedings.  In addition, denying this motion for any reason would mean an inconsistent result as to the same party on the same issue.  Rock Taco would be precluded

---

[39] Cooney Dec., ¶ 9.
[40] Cooney Dec., ¶ 12.
[41] Hager Dec. ¶ 5, Cooney Dec. ¶ 17.
[42] *Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 782 (9th Cir 2001)
[43] *Id.*

from pursuing its claims in the 1983 Action because it failed to disclose those claims in bankruptcy.  But, it would be permitted to pursue its claims in this Action, even though it also failed to disclose these claims in the same bankruptcy.

**C.     Plaintiffs' Former Counsel, Richard Hamlish, Actually Knew of His Own Client's Statements, Yet Failed to Apprise the Court Prior to the First Trial**

The final reason to consider this motion on its merits is the failure by Mr. Hamlish to apprise the Court of this problem.  Eastern District of California Local Rule 83(e) requires attorneys to adhere to the California Rules of Professional Conduct.  Rule of Professional Conduct 5-200 states that "In presenting a matter to a tribunal, a member: … (B) *Shall not seek to mislead the judge, judicial officer, or jury by … a false statement of fact or law.*" [44]  Mr. Hamlish violated this rule by omission (by failing to apprise this tribunal of the import of the MSJ Order) and by direct action (eliciting false testimony from Mr. Barbis at trial).  Also, knowing the perjury, Mr. Hamlish failed to take appropriate action, such as counseling his client to not perjure himself and to move to withdraw as counsel if the client refused. [45]

Whereas National Surety arguably had a duty to investigate the MSJ Order, Mr. Hamlish and Rock Taco *actually knew* of the basis for the City of Fresno's challenge and the basis for the ruling.  Yet, they remained silent.  Mr. Hamlish also knew that at some point his client had committed perjury, yet failed to take the appropriate remedial action.  Mr. Hamlish even potentially elicited false testimony from Mr. Barbis in this Court by asking him on direct examination whether his role as managing member of Rock Taco meant that he owned it – to which Mr. Barbis replied "Absolutely not."[46]

In light of these facts, any challenge to National Surety's diligence is in effect

---

[44] *See also,* Bus. & Prof. Code § 6068(d).

[45] *See,* California State Bar Formal Ethics Opinion Number 1983-74. http://ethics.calbar.ca.gov/LinkClick.aspx?fileticket=umV3fNayHSI%3D&tabid=842

[46] Cooney Dec., ¶ 10.

telling the Court that National Surety should be punished because it did not catch Rock Taco's lies soon enough.  The Court should countenance this.

## VII.

### National Surety's Previous Motion for Judgment on the Pleadings Does Not Bar the Instant Motion

There is no bar to a party filing more than motion for judgment on the pleadings.  In fact, there are several instances where courts have permitted multiple such motions.[47]  On May 8, 2012, National Surety filed a motion for judgment on the pleadings.  That motion was based on the then-existing pleadings in the case, which did not include the March 6, 2013, order where Judge O'Neil found it was undisputed that Mr. Barbis was the sole owner of Fresno Rock Taco.  This previous motion should not bar the instant motion because National Surety had, in the November 30, 2011, deposition diligently tried to ascertain the relevant facts.  National Surety should not now be precluded because Mr. Barbis was untruthful.

---

[47] *See, e.g. Qwest Communication Corp. v. City of Berkeley*, 208 F.R.D. 288, 292 (N.D. Cal. 2002); *See, also, See, also, Tahara v. Matson Terminals, Inc.*, 2004 WL 3178065 (D. Haw. Sept. 13, 2004) aff'd, 152 F.3d 929 (9th Cir. 1998).

# VIII.

## Conclusion

Rock Taco should not profit from its playing fast and loose with fast and loose with the Court. More importantly, they should be able to impugn the integrity of the judicial system by such profit. Therefore, we urge this Court to dismiss Rock Taco's claims with prejudice on the basis that they are judicially estopped from pursuing them.

DATED: July 30, 2013                HAGER DOWLING LIM & SLACK

By:    /S/
       JOHN V. HAGER
       SEAN D. COONEY
       Attorneys for Defendant, National Surety Corporation