UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESNO ROCK TACO, LLC, et al.,<br><br>             Plaintiffs,<br><br>      v.<br><br>NATIONAL SURETY CORPORATION,<br><br>             Defendant.<br>_____/ | CASE No. 1:11-cv-00845-SKO<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>**ORDER SETTING TELEPHONIC TRIAL-SETTING CONFERENCE FOR NOVEMBER 14, 2013, AT 4:00 p.m.** |

### I.   INTRODUCTION

On September 17, 2013, the Court issued an order denying Defendant's motion to dismiss and granted Plaintiffs' motion for sanctions. (Doc. 311.)   The Court also ordered the parties to show cause why the U.S. Bankruptcy Trustee for the U.S. Bankruptcy Court for the Eastern District of California ( the "Trustee") should not be joined as a necessary party pursuant to Federal Rule of Civil Procedure 19. On October 11, 2013, Plaintiffs filed a statement and submitted a declaration of the Trustee. (Doc. 312.) On October 18, 2013, Defendant National Surety Corporation ("Defendant" or "National") filed a reply to the Plaintiffs' statement.  For the reasons set forth below, the September 17, 2013, order to show cause is DISCHARGED, and a telephonic trial-setting conference is SET for November 14, 2013, at 4:00 p.m.

## II. DISCUSSION[1]

In its September 17, 2013, order the Court stated as follows:

> . . . Mr. Barbis has made contradictory statements regarding his ownership/membership interest in [Fresno Rock Taco, LLC ("FRT")]. Based on Mr. Barbis' statements under penalty of perjury that he was the 100% owner of FRT, the March 6, 2013, *Rodriquez* summary judgment order unequivocally determined that Mr. Barbis' is the 100 percent sole owner and member of FRT.
>
> Where the sole member of an LLC files for bankruptcy, it effectively assigns the entire membership interest in the LLC to the bankruptcy estate, and the Trustee obtains all the debtor's rights in the LLC, including the right to control the management of the LLC. *In re First Protection, Inc.*, 440 B.R. 821, 830 (9th Cir. BAP 2010) [footnote omitted]; *see also In re Albright*, 291 B.R. 538 (Bankr. D. Colo. 2003).
>
> The Barbises' bankruptcy petition states that the debtors had only a 25 percent interest in FRT. [footnote omitted] This disclosure, however, is at odds with statements made by Mr. Barbis under penalty of perjury during the course of the *Red Head* and *Rodriquez* civil litigations. [footnote omitted] If FRT's sole member is Milton Barbis, which Mr. Barbis has stated on two occasions is the case, the Bankruptcy Trustee was entitled to step into the shoes of Mr. Barbis and obtain 100 percent management control of FRT through the filing of Mr. Barbis' chapter 7 bankruptcy petition. "Property of the estate that is not scheduled or otherwise administered by the time the case is closed remains property of the estate forever." *Cheng v. K & S Diversified Invs., Inc.*, 308 B.R. 448, 461 (9th Cir. BAP 2004) (citing 11 U.S.C. § 554(d)). If management and control, i.e., through the 100 percent ownership interest in FRT, remains with the Bankruptcy Trustee as an unscheduled and un-administered asset of the Barbises' estate, then there is a question whether the Bankruptcy Trustee must be joined to this litigation to direct FRT's claims against National. Fed. R. Civ. P. 19(a).

The Court ordered the parties to show cause why the Trustee should not be joined to the action as a necessary party. On October 11, 2013, Plaintiffs filed a response indicating that Mr. Barbis' bankruptcy attorney, Mr. Peter Fear, had contacted Mr. James Salven, the Bankruptcy Trustee, and provided Mr. Salven with documentation so that he could make a decision whether to intervene. Plaintiffs state that Mr. Salven reviewed the documents "and has decided not to

---

[1] The factual background of this litigation is well-known to the parties and was set forth at length in the Court's September 17, 2013, order. (Doc. 311.) Therefore, the history of this case will not be restated in this order.

intervene and is abandoning any interest the estate has in Fresno Rock Taco, LLC." (Doc. 312, 2:5-6.) Mr. Salven's declaration provides the following in relevant part:

> 3. On or about October 1, 2013, I spoke with Peter Fear, the bankruptcy attorney for Mr. Barbis. Mr. Fear and I discussed the status of Fresno Rock Taco, LLC. We discussed the fact that the original schedules filed by Mr. Barbis stated that he owned a 25% interest in Fresno Rock Taco, LLC, and that Mr. Barbis, in fact, owned a 100% interest in Fresno Rock Taco, LLC. I have a vague recollection that Mr. Barbis may have corrected this at the 341 meeting of creditors in this case several years ago, but neither Mr. Fear nor I saw any indication that an amended schedule had been filed. Mr. Fear informed me that he intended to file an amended schedule correcting this.
>
> 4. Mr. Fear also provided me with additional documentation regarding the assets and liabilities of Fresno Rock Taco, LLC and asked me whether I intended to exercise control of the LLC and to become involved in the above-captioned litigation.
>
> 5. I have reviewed these documents and I have discussed said documents with Mr. Fear.
>
> 6. Based on this information, I, on behalf of the bankruptcy estate, do not intend to replace the current management of Fresno Rock Taco, LLC and I will not be taking any involvement in the above-captioned litigation. I intend to abandon any interest the estate has in Fresno Rock Taco, LLC to the Debtors in the Bankruptcy Case. I have filed a final report that will likely result in Fresno Rock Taco, LLC being abandoned to the debtors in the Bankruptcy Case.
>
> 7. I have not taken any action to replace the current management of the Fresno Rock Taco LLC and have no intention of taking any such action.

(Doc. 312, p. 5, ¶¶ 3-7.)[2]

On October 18, 2013, Defendant filed a reply to Plaintiffs' statement, which Defendant asks the Court to consider. (Doc. 313.) Defendant asserts that Mr. Salven's determination that Fresno Rock Taco's ("FRT") claims have no value, and his intent to abandon them as a result, "raises new problems for [FRT] moving forward." (Doc. 313, 2:1-2.) Defendant maintains that,

---

[2] On September 20, 2013, the Chapter 7 Trustee's Final Account and Distribution Report was filed in the Barbises' bankruptcy case pending before the U.S. Bankruptcy Court for the Eastern District of California. (*See In re Barbis*, 09-bk-60548, Doc. 144.) The Trustee indicated that the estate has been fully administered. On October 28, 2013, the Barbises' bankruptcy case was closed, and a Final Decree was entered. (*See In re Barbis*, 09-bk-60548, Doc. 149.)

if the Court accepts FRT's representation that Mr. Salven will abandon the claims because they have no value, FRT will be judicially estopped in a later trial from taking the inconsistent position that those claims do have value.  (Doc. 313, 2:4-7.)

Citing 11 U.S.C. § 554(a),[3] Defendant asserts that a bankruptcy trustee may abandon assets only where the asset is too burdensome or the asset is of "inconsequential value." Defendant contends that, because Mr. Salven's declaration is limited to the percent-ownership issue and to a review of assets and liabilities of FRT, the "only logical inference that can be drawn is that Mr. Salven's [sic] intends to abandon Rock Taco by relying on [the] inconsequential value prong of section 5[5]4(a) as opposed to the burden prong."  Defendant's argument, however, does not compel the conclusion that the Trustee has determined that FRT's claims have no value nor does it preclude FRT from asserting its claims in this litigation.

First, even presuming the Trustee is abandoning the Barbises' bankruptcy estate's power to manage FRT because of a perceived lack of value of FRT's claims against National in this litigation, this is not a representation attributable to FRT itself.  Second, the bankruptcy estate's perception of the value of FRT's claims against National in this litigation may not be the main reason the Trustee is abandoning the bankruptcy estate's interest in managing FRT. Specifically, the burden of managing FRT may outweigh any speculative benefit to the bankruptcy estate as a result of this litigation.

The Barbises' bankruptcy estate does not own the assets or contingent claims of FRT.[4] Thus, even if FRT prevails on its claims against National, the liabilities of FRT may subsume any recovery such that there may be no resulting benefit to the bankruptcy estate.  As a result, even a substantial recovery by FRT in this litigation does not guarantee any benefit to the bankruptcy estate or its creditors.  Accordingly, the burden of managing FRT, especially given

---

[3] Defendant cites 11 U.S.C. 544(a), but this appears to be a typographical error.

[4] *See PacLink Commc'ns Int'l, Inc. v. Super. Ct. of L.A. Cnty.*, 90 Cal. App. 4th 958, 963 (2001) (LLCs are distinct legal entities from their members); *see generally In re HSM Kennewick, L.P.*, 347 B.R. 569, 571-72 (Bankr. N.D. Tex. 2006) (fundamental principles of corporate law hold that a corporation and its stockholders or LLC and its members are separate legal entities, and the corporation or the LLC owns the assets, not the stockholders or members).

4

the speculative nature of any recovery to the bankruptcy estate in light of FRT's liabilities, may be a substantial factor in the Trustee's abandonment and does not necessarily reflect on the perceived value or merit of FRT's claims against Defendant.

As the Trustee has indicated his intent to abandon any interest the bankruptcy estate has in the management of FRT, the Trustee is not a necessary party. Accordingly, the Court SETS a telephonic trial-setting conference for November 14, 2013, at 4:00 p.m.

### III.   CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. The order to show cause issued on September 17, 2013, is DISCHARGED;
2. A telephonic trial-setting conference shall be held on November 14, 2013, at 4:00 p.m.; and
3. The parties are directed to coordinate one conference call to the Court at (559) 499-5790 at the time and date set for the trial-setting conference.

IT IS SO ORDERED.

Dated:   **November 7, 2013**                    /s/ Sheila K. Oberto
                                                 UNITED STATES MAGISTRATE JUDGE