# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESNO ROCK TACO, LLC, a California limited liability company; ZONE SPORTS CENTER, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL SURETY CORPORATION, a Fireman's Fund Company,<br><br>Defendant. | Case No.  1:11-cv-00845-SKO<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO AMEND THE PRETRIAL ORDER**<br><br>(Doc. 319) |

## I.  INTRODUCTION

On March 25, 2014, Defendant National Surety Corporation ("Defendant") filed a motion to amend the pretrial order. (Doc. 319.) Defendant seeks to amend the pretrial order to remove Joyce Richard, a Senior Records Clerk with the City of Fresno Department of Building and Safety, from its witness list. Ms. Richards was added to Defendant's witness list in July 2013 for the limited purpose of authenticating records from the City of Fresno. Defendant maintains that Ms. Richard announced her retirement from the City of Fresno near the end of 2013. In her place, Defendant seeks to add Brian Leong, who was Ms. Richard's supervisor, and who is the best

person to authenticate City of Fresno records related to the Village at Granite Park, Fresno Rock Taco, LLC, and Zone Sports Center, LLC. Fresno Rock Taco, LLC and Zone Sports Center, LLC ("Plaintiffs") are not opposed to the addition of Mr. Leong as a witness, but they are opposed to removing Ms. Richard from Defendant's witness list.

For the reasons set forth below, Defendant's motion to amend the pre-trial order is GRANTED.

## II.   DISCUSSION

**A.   Legal Standard**

Federal Rule of Civil Procedure 16(e) mandates that the pretrial order "shall control the subsequent course of the action . . . [and] shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e). This does not mean, however, that a pretrial order is a legal "straightjacket" that unwaveringly binds the parties and the court, rather, the Court retains a "certain amount of latitude to deviate from a pre-trial order," *Manley v. AmBase Corp.*, 337 F.3d 237, 249 (2d Cir. 2003); *see also Castlegate, Inc. v. Nat'l Tea Co.*, 34 F.R.D. 221, 226 (D. Col. 1963), so as to prevent manifest injustice. *See* Fed. R. Civ. P. 16(e).

With respect to retrials, district courts have the discretion to admit or exclude new evidence or witnesses on retrial. *See Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 775 (5th Cir. 1999); *Cleveland v. Piper Aircraft Corp.*, 985 F.2d 1438, 1449-50 (10th Cir. 1993); *Total Containment, Inc. v. Dayco Prods.Inc.*, 177 F. Supp. 2d 332, 338-39 (E.D. Pa. 2001); Wright & Miller, 11 Federal Practice & Procedure § 2803 (3d ed.); see also *Habecker v. Clark Equip*. Co., 36 F.3d 278, 288 (3d Cir. 1994). As the Tenth Circuit explained in *Cleveland*,

> The trial court is much more familiar with the conduct of the original trial, the needs for judicial management and the requirements of basic fairness to the parties in a new trial. We do not feel, however, that the trial court's ruling should be inflexible. Clearly, if the trial court perceives in limiting evidentiary proof in a new trial, a manifest injustice, to one side or the other, the court must retain broad latitude and may with proper notice allow additional witnesses and relevant proof. In this regard, if a party makes a timely motion to produce new and material evidence which was not otherwise readily accessible or known, the court should, within the exercise of discretion, consider whether denial of the new evidence would create a manifest injustice.

*Cleveland*, 985 F.2d at 1450. Accordingly, where the court "perceives 'manifest injustice' in limiting evidentiary proof at a new trial . . . it may, with proper notice, allow additional witnesses and relevant proof." *Martin's Herend Imports*, 195 F.3d at 775; *Cleveland*, 985 F.2d at 1450.

The party moving for a modification of a pretrial order has the burden of showing that an amendment is necessary to prevent manifest injustice. *Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005). In evaluating whether a party has shown manifest injustice that warrants amendment, courts consider four factors: (1) the degree of prejudice or surprise to the non-moving party if the order is modified; (2) the ability of the non-moving party to cure the prejudice; (3) any impact of the modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification. *Id*. However, if the moving party knew or should have known that certain witnesses or evidence was necessary at the time of the first trial, then the exclusion of those witnesses during the retrial will likely not be manifestly unjust. *See Martin's Herend Imports*, 195 F.3d at 775 n. 15.

**B.     Defendant's Motion to Amend the Pretrial Order is GRANTED**

By way of background, on June 26, 2013, Defendant filed a motion to amend the September 11, 2012, pretrial order. Defendant sought to add Joyce Richard to the witness list and to add records from the City of Fresno Building Department to the list of potential trial exhibits. The Court granted Defendant's motion with respect to Ms. Richard and the City of Fresno records. The Court determined that, as it pertained to Ms. Richard, her testimony was to be used for the limited purpose of authenticating documents from the City of Fresno. The need for this testimony and evidence did not become clear until after Mr. Young, Mr. Benjamin, and Mr. Barbis testified at the first trial that the City of Fresno refused to issue permits based on the work completed by Mr. Binder. The Court concluded amendment of the pretrial order was warranted with respect to the addition of Ms. Richard and documents from the City of Fresno.

On November 18, 2013, Defendant learned that Ms. Richard was retiring from her position as Senior Records Clerk with the City of Fresno. (Doc. 319-3, Richard Decl.) Ms. Richard

1 indicated that Brian Leong would be the best person to authenticate and explain records related to
2 Village at Granite Park after her departure.

3   Although Defendant sought a stipulation from Plaintiffs regarding amendment of the
4 pretrial order to add Mr. Leong as a witness, Plaintiffs were unwilling to stipulate to remove Ms.
5 Richard from Defendant's witness list.  In their opposition to Defendant's motion, Plaintiffs assert
6 they are willing to stipulate to the addition of a new Custodian of Records, but they do not agree to
7 removing Ms. Richard from the witness list because they "have engaged in ongoing
8 communication with Joyce Richard in this matter, which has gone far beyond the extent of laying
9 a foundation for records from the City of Fresno."  (Doc. 321, 2:1-3.)

10   For the reasons stated in the July 19, 2013, order on the parties' motions to amend the
11 pretrial order to add Ms. Richard (*see* Doc. 271, 3:13-4:20), Defendant shall be allowed to amend
12 the pretrial order to list Brian Leong as a witness for the purpose of authenticating City of Fresno
13 records.  The need for the testimony and City of Fresno records did not become evident until after
14 Mr. Young, Mr. Benjamin, and Mr. Barbis testified at the first trial that the City of Fresno refused
15 to issue permits based on the work completed by Mr. Binder.  Whether the City of Fresno
16 approved or refused to approve installation work completed by Mr. Binder was an issue raised by
17 Plaintiffs, and thus any approval or disapproval from the City of Fresno in regard to building
18 permits should not come as a surprise to Plaintiffs.  The presentation of his testimony will not
19 affect the course of the trial because it will be offered for the limited purpose of authenticating
20 records, and Defendant has not exhibited any bad faith in seeking to add Mr. Leong to its witness
21 list. *Galdamez*, 415 F.3d at 1020.

22   Plaintiffs' objection to removing Ms. Richard from Defendant's witness list is without
23 merit.  Plaintiffs are not entitled to rely on *Defendant's* witness list for purposes of calling
24 witnesses at trial.  Thus, even assuming Ms. Richard remained on Defendant's witness list,
25 Defendants are not required to call her at trial, and Plaintiffs would not be able to call her to testify
26 because she is not identified on Plaintiffs' witness list.

27   Further, even if Ms. Richard were called by Defendant to testify at trial, she was added to
28 Defendant's witness list for the limited purpose of authenticating documents.  As a general rule,

4

1  Plaintiffs' cross-examination of Ms. Richard would be limited to the scope of her direct testimony.
2  Fed. R. Evid. 611(b).  To the extent Plaintiffs seek to elicit broader testimony from Ms. Richards
3  to support their claims or defenses, such testimony would not be generally permitted as Ms.
4  Richard was not identified as a witness in initial or supplemental disclosures pursuant to Federal
5  Rule of Civil Procedure 26(a).  *See* Fed. R. Civ. P. 26(a)(1).

   Accordingly, Defendant's motion to amend the pretrial order is GRANTED and Plaintiffs' objections thereto are OVERRULED.

IT IS SO ORDERED.

   Dated:    **April 25, 2014**                    **/s/ Sheila K. Oberto**
                                                   UNITED STATES MAGISTRATE JUDGE