# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESNO ROCK TACO, LLC, a California limited liability company; ZONE SPORTS CENTER, LLC, a California limited liability company,<br><br>        Plaintiffs,<br><br>  v.<br><br>NATIONAL SURETY CORPORATION, a Fireman's Fund Company,<br><br>        Defendant.<br>_____/ | Case No. 1:11-cv-00845-SKO<br><br>**ORDER TO SHOW CAUSE WHY JURY COSTS AND ATTORNEYS' FEES SHOULD NOT BE IMPOSED ON PLAINTIFF FRESNO ROCK TACO, LLC** |

    Re-trial in this matter was set for May 28, 2014. On the first day of trial, National Surety Corporation ("National") informed the Court that Plaintiff Fresno Rock Taco, LLC ("Plaintiff" or "FRT") had been suspended in April 2014 by the California Secretary of State and was legally prohibited from prosecuting its suit against National. FRT's managing member, Milton Barbis, attempted to ascertain the basis for the suspension and to effect revival, if possible, that same day. While FRT assessed its status, the Court proceeded with voir dire and selected a jury. FRT was to report to the Court by the close of business on May 28, 2014, whether revival had occurred.

FRT did not apprise the Court of its status by the close of the day.  However, the next morning, FRT informed the Court that it was unable to effect revival immediately and, although it believed the law entitled it to continue prosecuting its suit, it was alternatively entitled to a continuance of the trial while it attempted revival.  FRT also set forth these arguments in a brief that was submitted to the Court via email on May 29, 2014.[1]  Because the basis of FRT's suspension was not clear and FRT could not provide a clear estimate how long revival would require, the jury was dismissed, and the trial was continued to allow FRT to attempt to revive its status.

On June 27, 2014, FRT filed a status report stating it had been suspended for failure to pay taxes and failure to properly file tax returns.  FRT obtained a Certificate of Revivor on June 25, 2014, indicating that it was relieved of its suspension and was now in good standing with the Franchise Tax Board.  (Doc. 333.)

On July 11, 2014, National filed a response contending that it had not caused FRT's suspension, and it was harmed by FRT's failure to correct this deficiency prior to trial.  National argues that FRT knew of the suspension well before trial but failed to disclose it or to correct the problem.  National contends that Federal Rule of Civil Procedure 16(f)(1)(C) gives the Court authority to issue sanctions, which include attorney's fees, for violating the pretrial order.  In addition to the jury costs assessed, National requests that FRT be ordered to pay National $11,549.27 for fees and expenses incurred as a result of the continuance.

On July 18, 2014, FRT filed a reply brief asserting the circumstances of this case are similar to that described by a California appellate court in *Color-Vue v. Abrams*, 44 Cal. App. 4th 1599 (1996) which counsel noted in open court on May 29, 2014, but failed to raise in FRT's May 29, 2014, brief.  FRT contends National failed to address the *Color-Vue* case or the issue of waiver.  FRT again asserts that it is not required to prove its standing as part of its case, and National has waived the issue by not raising lack of capacity as an affirmative defense in its answer.  FRT asserts that *Color-Vue* requires National to bear the burden of the costs of

---

[1] FRT failed to actually file its brief.  The brief FRT submitted to the Court via email will be filed pursuant to this order.

impaneling a jury. Having reviewed the parties' briefs and supporting documentation, the Court disagrees.

Accordingly, FRT is ORDERED to show cause by August 5, 2014, why jury costs in the amount of $5,513.16 and National's attorneys' fees in the amount of $11,549.27 should not be imposed on FRT as a result of the trial continuance necessary for FRT to revive its corporate status. FRT may file a brief of no more than ten (10) pages stating why jury costs and attorneys' fees should not be imposed, setting forth any additional reasons not already addressed in its papers.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. FRT show cause in writing by no later than August 5, 2014, why jury costs and National's attorneys' fees should not be imposed on it; and
2. The Clerk of Court is DIRECTED to file:
   a. FRT's brief submitted by email to the Court on May 29, 2014; and
   b. The jury cost assessment bill.

IT IS SO ORDERED.

Dated:   **July 28, 2014**                             **/s/ Sheila K. Oberto**
                                            UNITED STATES MAGISTRATE JUDGE