**John V. Hager (SBN 61384)**
**Sean D. Cooney (SBN 253558)**
**Hager & Dowling**
**319 East Carrillo Street**
**Santa Barbara, California  93101**
**805-966-4700; Fax: 805-966-4120**
**mail@hdlaw.com**

Attorneys for Defendant, National Surety Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| Fresno Rock Taco, LLC, a California limited liability company; Zone Sports Center, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>National Surety Corporation, a Fireman's Fund company; Does 1-10, inclusive,<br><br>Defendants. | CASE NO. CV F 11-0845 SKO<br>Magistrate Judge Sheila K. Oberto<br><br>**Defendant National Surety Company's Response to Plaintiff's Brief Re: Defendant's Objection to Evidence of Plaintiff's Losses** |

**I.**

**Introduction**

Plaintiffs seeks to introduce evidence of Howard Young's personal out-of-pocket expenses on the grounds they recoverable as damages.  Therefore, plaintiffs bear the burden of proving the relevance of these expenses under the Federal Rules of Evidence.  But, plaintiffs make no effort to explain exactly what expenses they seek, that they are actually related to this case, and that they are in fact recoverable as damages from the jury.  Instead, plaintiff spends fives pages summarizing the general law concerning potentially recoverable damages and a scant one page (without a single applicable citation) discussing the expenses they seek to introduce.  The fact remains that any imaginable "out-of-pocket"

Defendant National Surety Company's Response to
Plaintiff's Brief Re: Defendant's Objection to
Evidence of Plaintiff's Losses

expenses are either not recoverable from the jury (Court costs, etc) or they are not recoverable at all (*Brandt* fees). Further, Mr. Young is not a party and his personal expenses are not recoverable under any conceivable rationale.

## II.

## Argument

Plaintiffs seek the introduction of Mr. Young expenses and therefore bear the burden of proving the relevance of this evidence. To do so, they must first prove Mr. Young made these expenditures in his capacity as Zone Sports' representative. He cannot simply have taken out his personal checkbook or credit card, as these would amount to personal expenditures that are not recoverable because Mr. Young is not a party to this action.

Even if plaintiffs could meet the first requirements, plaintiffs must also show whatever expenses were incurred in connection with this suit. Plaintiffs are currently involved or were involved in at least five other lawsuits other that the present suit against National Surety, including suits with Roger Brown, the City of Fresno, the State of California, Detective Brendan Rhames, Detective Benjamin Rodriguez, Sammy Hagar, Red Head, Inc. and others.[1] Therefore, any money expended is not necessarily related to the present suit. For there to be any hope of recovery, plaintiffs must demonstrate that they are related to this suit. Allowing such evidence absent such proof carries a substantial risk plaintiffs would be seeking recovery from National Surety of monies spent suing other parties.

The final requirement is that plaintiffs must prove that the expenses they seek are recoverable from the jury in this suit. This requirement proves fatal to plaintiffs'

---

[1] Plaintiffs' other suits include: (1) *Fresno Rock Taco et al v. Rodriguez et al,* 11-CV-00622-SKO (EDCA), (2) *Zone Sports Center, LLC et al v. Red Head, Inc. et. al.* 11-cv-00634-JSW (NDCA),(3) *Zone Sports Center, LLC et al. v. Red Head, Inc. et al.,* 10-CV-01833-AWI-SMS (EDCA), (4) *Red Head, Inc. et al v. Fresno Rock Taco, LLC,* 08-CV-05703 (NDCA), and (5) *Zone Sports Center, LLC et al v. Brown*, 10 CECG 04071 (Fresno Sup. Ct.)

argument. Having omitted any details about what they seek, plaintiffs leave National Surety and the Court to imagine what plaintiffs seek to recover. But, there are simply no imaginable "out-of-pocket expenses" that are recoverable from the jury. The first possible category of expenses are court costs. But the jury "must not consider, or include as part of any award, attorneys fees or expenses that the parties incurred in bringing or defending this lawsuit."[2] Costs are awarded post judgment and only to the prevailing party.[3]

The second possible "out-of-pocket expenses" are attorney fees. The only attorney fees recoverable in a jury award are those allowable under *Brandt v. Superior Court* (1985) 37 Cal.3d 813. In this case, however, the Court previously granted National Surety's Rule 50 motion on the ground plaintiffs did not offer any evidence of their *Brandt* damages.[4] Plaintiffs sought to amend the pre-trial order to add exhibits and witnesses in support of the *Brandt* claim.[5] The Court denied plaintiffs' motion.[6] Therefore, plaintiffs cannot introduce this type of evidence as it would be in violation of this Court's previous orders.

Finally, plaintiffs allude to Mr. Young's out-of-pocket expenses as a result of National Surety's bad faith conduct. The problem is that Mr. Young was not involved in any way in plaintiffs' insurance claim, becoming involved only after litigation was filed. Litigation conduct is privileged under Civil Code section 47(b).[7] Therefore, if Mr. Young

---

[2] CACI 3964.

[3] Fed. R. Civ. P. 54(d).

[4] May 20, 2013, Minute Order Granting National Surety's FRCP 50 motion, CM/ECF No. 221; May 20, 2013, Trial Transcript, p. 1978:15 – 1979:1.

[5] June 27, 2013, Plaintiffs' Motion to Amend Pre-trial Order, CM/ECF No. 241.

[6] July 19, 2013, Order on Cross Motions to Amend Pre-trial Order, CM/ECF No. 271.

[7] There is a very limited exception to this privilege where the litigation conduct involves the continued handling of the insured's claim, such as offers of settlement in a suit involving a dispute over claim value. (*See, White v. Western Title Ins. Co.* (1986) 40 Cal.3d 870). Here, however, the claim was finished prior to suit and there can be no conduct in this suit that could be construed as continued handling of the claim.

3   Defendant National Surety Company's Response to
Plaintiff's Brief Re: Defendant's Objection to
Evidence of Plaintiff's Losses

spent money as a result of National Surety's conduct, plaintiffs cannot recover because said conduct was privileged.

### III.

### Conclusion

Plaintiffs do not meet their burden of establishing the relevance of Mr. Young's out-of-pocket expenses. They provide absolutely no detail on exactly that expenses they are talking about, making an analysis impossible. Further, they cite no authority as to why such expenses are recoverable. Lacking any support, National Surety urges the Court to exclude questioning on such expenses.

DATED: August 14, 2014            HAGER & DOWLING

                                  By: /S/
                                  ──────────────────────
                                  SEAN D. COONEY
                                  Attorneys for Defendant, National Surety Corporation