Paul M. Smith II, Esq. (239846)
LAW OFFICES OF PAUL M. SMITH II
7161 N. Howard St., Ste. 206
Fresno, CA 93720
Telephone: (559) 447-5291
Facsimile: (559) 447-5293

Attorney for Plaintiff,
FRESNO ROCK TACO, LLC and ZONE SPORTS CENTER, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| FRESNO ROCK TACO, LLC and ZONE SPORTS CENTER, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> NATIONAL SURETY CORPORATION, A FIREMAN'S FUND COMPANY and DOES 1 to 10, <br><br> Defendants. | Case No.: 1:11-CV-00845-LJO-SKO <br><br> Plaintiffs Response to the Court's Order to Specify the Parties Remaining Disputes with Respect to Jury Instructions |

TO ALL INTERESTED PARTIES AND THIS HONORABLE COURT:

Plaintiffs FRESNO ROCK TACO, LLC and ZONE SPORTS CENTER, LLC,

  This is a new trial. Different evidence has been introduced and different witnesses have been called. The parties employed different strategies. The parties are entitled to different instructions as well.

  Moreover, some of the previous instructions do not comport with the law. The instructions and the special verdict form are missing essential elements of claims and affirmative defenses.

  The only argument defendant puts forth for not including these instructions which now comply with the law is "we did not do it last time." Aside from the fact that this is not the same trial, the argument ignores the highly prejudicial deficiencies in the instructions and the verdict, deficiencies that can be fatal to plaintiffs' case. What is more important than copying

instructions and the verdict from the last trial is making sure that we have clear and law-compliant instructions that are easy for the jury to follow.  Plaintiffs are suggesting CACI instructions.  The fact that defendant is disputing their validity only speaks to their intention to misrepresent the law to the jury. The courts prefer CACI.  The real question is simply: "Why doesn't defendant like them?  What is good for the courts and judicial counsel is apparently not good for defendant.

This case has already been tried once before.  Plaintiffs ask that the clear instructions and verdict be given, so the parties will not move for a new trial or have to appeal.

## Instructions Not Given or Modified from CACI in the First Trial

1) **CACI 204-Proposed to be read between Instruction Nos. 23-24**
2) Willful Suppression of Evidence
3) You may consider whether one party intentionally concealed or destroyed evidence. If you decide that a party did so, you may decide that the evidence would have been unfavorable to that party.
4) Plaintiffs position: There is evidence which supports suppression of evidence; specifically a missing email.  According to the Directions for Use, this instruction should be given if there is evidence of suppression.

1) **CACI-205-Proposed to be read in place of current No. 28.**
2) Failure to Explain or Deny
3) **If a party failed to explain or deny evidence against it when it could reasonably be expected to have done so based on what it knew,** you may consider its failure to explain or deny in evaluating that evidence.  It is up to you to decide the meaning and importance of the failure to explain or deny evidence against the party.
4) Plaintiffs' Position: The previous instruction failed to include the parts in bold above and thus the prior instruction did not comply with the law/CACI.  Plaintiffs simply request that the entire instruction be read.

1) **CACI 430-Proposed to be read between Instruction Nos. 29-30**

2) Causation: Substantial Factor

3) A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

   [Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.]

4) Plaintiffs' position: The parties disagree on whether the bracketed language should be included.  The Directions for use specifically state that the last optional sentence does not apply to concurrent independent causes, which are multiple forces operating at the same time and independently, each of which would have been sufficient by itself to bring about the same harm.  Accordingly, the last optional sentence should not be included.

1) **CACI 2307-Proposed to be read between Instruction Nos. 35-36**

2) Insurance Agency Relationship Disputed

3) Language attached

4) Plaintiffs' position: Defense expert Paul Hamilton testified that the claim was submitted to the agent on January 28.  Mr. Gutilla testified that he has binding authority for FFIC. None of this was disputed by Defendants, and yet this instruction is disputed. If defendant's would like the bracketed section read, then language should be proposed by the defense.

1) **CACI-2309-Proposed to be read in place of No. 30.**

2) Termination of Insurance Policy for Fraudulent Claim

3) Defendant claims that Plaintiffs are not entitled to recover under the insurance policy because they made a false claim. To establish this claim, Defendant must prove all of the following:

1. That Plaintiffs made a claim for insurance benefits under their policies with Defendant;

2. That Plaintiffs represented to Defendant that *[insert allegedly false representation]*;

3. That Plaintiffs' representation was not true;

4. That Plaintiffs knew that the representation was not true;

5. That Plaintiffs intended that Defendant rely on this representation in paying Plaintiffs' claims for insurance benefits; and

6. That the representation that *[insert allegedly false representation],* if true, would affect a reasonable insurance company's decision to pay a claim for insurance benefits.

4) Plaintiffs' position: The instruction as read at the previous trial misstates the law and is potentially fatal to plaintiffs' case because it failed to conform to CACI and the elements of the affirmative defense.  The current instruction as listed above conforms exactly to CACI and thus is less likely to confuse the jury.

1) **CACI 2332-Proposed to be read after Instruction No. 32.**

2) Bad Faith (First Party) Failure to Properly Investigate Claim

3) Defendant National Surety Corporation acted unreasonably or without proper cause if it failed to conduct a full, fair, and thorough investigation of all of the bases of the claim. When investigating Plaintiffs claim, Defendant National Surety Corporation had a duty to diligently search for and consider evidence that supported coverage of the claimed loss.

4) Plaintiffs' position: This is a failure to investigate case.  As such, this instruction is required for the jury to understand the elements of a failure to investigate case.

1) **CACI 2350-Proposed to be read in place of No. 38.**

2) Damages for Bad Faith

3) If you decide that Plaintiffs have proved their claim against defendant, you also must decide how much money will reasonably compensate Plaintiffs for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that was caused by Defendant, even if the particular harm could not have been anticipated.

Plaintiffs must prove the amount of their damages. However, Plaintiffs do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

4) Plaintiffs' position: The current No. 38 does not track CACI and thus it creates a high probability of confustion.  Plaintiffs simply request the instruction be read in accordance with CACI.

**1) CACI-3900 Series-To be read following Instruction No. 38.**

2) Tort Damages-Liability Contested

3) See attached suggested language.

4) Plaintiffs' position: The 3900 series is designed for use in assisting the jury in determining economic damages.  This case involves economic damages.  As such, plaintiffs are entitled to instructions which will assist the jury in determining how to measure and calculate the economic damages under the bad faith cause of action which is a tort theory of recovery.

Date:  Aug. 18, 2014
_____

LAW OFFICES OF PAUL M. SMITH II

By *Paul M. Smith II*
_____
Paul M. Smith II
Attorney for Plaintiff,
FRESNO ROCK TACO, LLC and ZONE SPORTS CENTER, LLC

## 2307. Insurance Agency Relationship Disputed

Plaintiffs claim that Dibuduo & Defendis was Defendant National Surety Corporation's agent and that Defendant National Surety Corporation is therefore bound by Dibuduo & Defendis' conduct.

If Plaintiffs prove that Defendant National Surety Corporation gave Dibuduo & Defendis the apparent authority to act on behalf of Defendant, then Dibuduo & Defendis was Defendant National Surety Corporation's agent. This authority may be shown by words or may be implied by the parties' conduct. This authority cannot be shown by the words of Dibuduo & Defendis alone.

**[In some circumstances, an individual can be the agent of both the insured and the insurance company. [Name of plaintiff] claims that [name of agent] was [[name of defendant]/[name of plaintiff]]'s agent for the purpose of [describe limited agency; e.g., "collecting insurance payments"] and therefore [describe dispute; e.g., "the insurer received plaintiff's payment"]. [Name of defendant] claims that [name of agent] was [[name of defendant]/[name of plaintiff]]'s agent for the purpose of [describe limited agency] and therefore [describe dispute].]**

**3900. Introduction to Tort Damages—Liability Contested**

If you decide that Plaintiffs Fresno Rock Taco, LLC & Zone Sports Center, LLC have proved their claim against Defendant National Surety Corporation, you also must decide how much money will reasonably compensate Plaintiffs Fresno Rock Taco, LLC & Zone Sports Center, LLC for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by Defendant National Surety Corporation's wrongful conduct, even if the particular harm could not have been anticipated.

Plaintiffs Fresno Rock Taco, LLC & Zone Sports Center, LLC do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

[The following are the specific items of damages claimed by Plaintiffs Fresno Rock Taco, LLC & Zone Sports Center, LLC:]

[Insert applicable instructions on items of damage.]

### 3903G. Loss of Use of Real Property (Economic Damage)

No. 1 The loss of use of Plaintiffs Fresno Rock Taco, LLC's Zone Sports Center, LLC's Building where the theft occurred. And the loss of use of Sports Center, LLC's use of the Granite Park Development site.

To recover damages for the loss of use, Plaintiffs Fresno Rock Taco, LLC must prove the reasonable cost to rent similar property for the time when they could not use their own property.

To recover damages for the loss of use Zone Sports Center, LLC must show the amount of rent being charged to Fresno Rock Taco, LLC for the time when they could not use their own property.

### 3903J. Damage to Personal Property (Economic Damage)

No. 2 The harm to Plaintiff Fresno Rock Taco's business personal property. And the harm to Zone Sports Center, LLC's building.

To recover damages for harm to personal property, Plaintiffs must prove the reasonable cost of replacing the items stolen. Plaintiffs must prove the reasonable cost to repair the damage caused to the building.

To determine its value, you must determine the fair market value of the personal property before it was stolen. "Fair market value" is the highest price that a willing buyer would have paid to a willing seller, assuming:

1. That there is no pressure on either one to buy or sell; and

2. That the buyer and seller are fully informed of the condition and quality of the [item of personal property].

The total amount awarded must not exceed the business personal property's value before the harm occurred.

### 3903K. Loss or Destruction of Personal Property (Economic Damage)

No. 3 The loss of Plaintiff's Fresno Rock Taco, LLC's concert and music equipment.

To recover damages for the loss, Plaintiff Fresno Rock Taco, LLC must prove the fair market value of the concert and music equipment just before the harm occurred.

"Fair market value" is the highest price that a willing buyer would have paid to a willing seller, assuming:

1. That there is no pressure on either one to buy or sell; and

2. That the buyer and seller are fully informed of the condition and quality of the concert and music equipment.

No. 4 The destruction/damage of Plaintiff Zone Sports Center, LLC's building.

To recover damages for the destruction, Plaintiff Zone Sports Center, LLC must prove the fair market value of the cost to repair the damage just before the harm occurred.

## 3903N. Lost Profits (Economic Damage)

No. 5- Lost profits.

To recover damages for lost profits, Plaintiffs must prove it is reasonably certain they would have earned profits but for Defendant's conduct.

To decide the amount of damages for lost profits, you must determine the gross amount Plaintiffs would have received but for Defendant's conduct.

The amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

No. 6- Lost Assets

To recover damages for lost assets, Plaintiffs must prove it is reasonably certain they would have kept the assets but for Defendant's conduct.

To decide the amount of damages for lost assets, you must determine the value of Plaintiffs assets but for Defendant's conduct.

The amount of the lost assets need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

## 3904A. Present Cash Value

If you decide that Plaintiffs Fresno Rock Taco, LLC & Zone Sports Center, LLC's harm includes future damages for lost profits, business interruption, lost assets, then the amount of those future damages must be reduced to their present cash value. This is necessary because money received now will, through investment, grow to a larger amount in the future. Defendant National Surety Corporation must prove the amount by which future damages should be reduced to present value.

To find present cash value, you must determine the amount of money that, if reasonably invested today, will provide Plaintiffs with the amount of its future damages.

You may consider expert testimony in determining the present cash value of future damages.