Paul M. Smith II, Esq. (239846)
LAW OFFICES OF PAUL M. SMITH II
7161 N. Howard St., Ste. 206
Fresno, CA 93720
Telephone: (559) 447-5291
Facsimile: (559) 447-5293

Attorney for Plaintiff,
FRESNO ROCK TACO, LLC and ZONE SPORTS CENTER, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| FRESNO ROCK TACO, LLC and ZONE SPORTS CENTER, LLC,<br><br>        Plaintiff,<br><br>   vs.<br><br>NATIONAL SURETY CORPORATION, A FIREMAN'S FUND COMPANY and DOES 1 to 10,<br><br>        Defendants. | Case No.:  1:11-CV-00845-LJO-SKO<br><br>PLAINTIFFS' [PROPOSED] JURY INSTRUCTIONS |

TO ALL INTERESTED PARTIES AND THIS HONORABLE COURT:

Plaintiffs FRESNO ROCK TACO, LLC and ZONE SPORTS CENTER, LLC, submit the following proposed changes and additions to the previous joint jury instructions:

Instruction No. 20

DUTY OF JURY – END OF CASE

NCMJI 1.1B

Ladies and gentlemen: You are now the jury in this case.  It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

INSTRUCTION NO. 21

LIABILITY OF COMPANIES – SCOPE OF AUTHORITY NOT AN ISSUE

NCMJI 4.2


Under the law, a Company is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a Company is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

NO. 22

IMPEACHMENT EVIDENCE – WITNESS

NCMJI 2.8

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

INSTRUCTION NO. 23

EXPERT OPINION

NCMJI 2.11

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 24

EXPERTS – QUESTIONS CONTAINING ASSUMED FACTS

CACI 220

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

INSTRUCTION NO. 25

CONFLICTING EXPERT TESTIMONY

CACI 221

If the expert witnesses disagreed with one another, you should weigh each opinion against the others. You should examine the reasons given for each opinion and the facts or other matters that each witness relied on. You may also compare the experts' qualifications.

INSTRUCTION NO. 26

OPINION TESTIMONY OF LAY WITNESSES

CACI 223

A witness who was not testifying as an expert gave an opinion during the trial. You may, but are not required to, accept that opinion. You may give the opinion whatever weight you think is appropriate.

Consider the extent of the witness's opportunity to perceive the matters on which the opinion is based, the reasons the witness gave for the opinion, and the facts or information on which the witness relied in forming that opinion. You must decide whether information on which the witness relied was true and accurate. You may disregard all or any part of an opinion that you find unbelievable, unreasonable, or unsupported by the evidence.

INSTRUCTION NO. 27

PARTY HAVING POWER TO PRODUCE BETTER EVIDENCE

CACI 203


You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

INSTRUCTION NO. 28

WILLFUL SUPRESSION OF EVIDENCE

CACI 204


You may consider whether one party intentionally concealed or destroyed evidence. If you decide that a party did so, you may decide that the evidence would have been unfavorable to that party.

INSTRUCTION NO. 29

FAILURE TO EXPLAIN OR DENY EVIDENCE

CACI 205

If a party failed to explain or deny evidence against it when it could reasonably be expected to have done so based on what it knew, you may consider its failure to explain or deny in evaluating that evidence.

It is up to you to decide the meaning and importance of the failure to explain or deny evidence against the party.

INSTRUCTION NO. 30

CAUSATION: SUBSTANTIAL FACTOR

CACI 430

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

INSTRUCTION NO. 31

TERMINATION OF INSURANCE POLICY FOR FRAUDULENT CLAIM

CACI 2309

Defendant National Surety Corporation claims that Plaintiffs are not entitled to recover under the insurance policy because they made a false claim. To establish this claim, Defendant must prove all of the following:

1. That Plaintiffs made a claim for insurance benefits under their policies with Defendant;

2. That Plaintiffs represented to Defendant that *__[insert allegedly false representation]__;*

3. That Plaintiffs' representation was not true;

4. That Plaintiffs knew that the representation was not true;

5. That Plaintiffs intended that Defendant rely on this representation in paying Plaintiffs' claims for insurance benefits; and

6. That the representation that *__[insert allegedly false representation]__,* if true, would affect a reasonable insurance company's decision to pay a claim for insurance benefits.

INSTRUCTION NO. 32

BREACH OF CONTRACTUAL DUTY TO PAY A COVERED CLAIM –

ESSENTIAL FACTUAL ELEMENTS

CACI 2300


Plaintiffs Fresno Rock Taco, LLC and Zone Sports Center, LLC claim FRESNO that Defendant National Surety Corporation breached its duty to pay it for a loss covered under an insurance policy. To establish this claim, Plaintiffs Fresno Rock Taco, LLC and Zone Sports Center, LLC must prove all of the following:


1. That Plaintiffs Fresno Rock Taco, LLC and Zone Sports Center, LLC suffered a loss, part of which was covered under an insurance policy with Defendant National Surety Corporation;


2. That Defendant National Surety Corporation was notified of the loss; and


3. The amount of the covered loss that Defendant National Surety Corporation failed to pay.

INSTRUCTION NO. 33

IMPLIED OBLIGATION OF GOOD FAITH AND FAIR DEALING EXPLAINED

CACI 2330

In every insurance policy there is an implied obligation of good faith and fair dealing that neither the insurance company nor the insured will do anything to injure the right of the other party to receive the benefits of the agreement.

To fulfill its implied obligation of good faith and fair dealing, an insurance company must give at least as much consideration to the interests of the insured as it gives to its own interests.

To breach the implied obligation of good faith and fair dealing, an insurance company must, unreasonably or without proper cause, act or fail to act in a manner that deprives the insured of the benefits of the policy. It is not a mere failure to exercise reasonable care. However, it is not necessary for the insurer to intend to deprive the insured of the benefits of the policy.

INSTRUCTION NO. 34

BAD FAITH (FIRST PARTY) FAILURE TO PROPERLY INVESTIGATE CLAIM

CACI 2332


Defendant National Surety Corporation acted unreasonably or without proper cause if it failed to conduct a full, fair, and thorough investigation of all of the bases of the claim.


When investigating Plaintiffs claim, Defendant National Surety Corporation had a duty to diligently search for and consider evidence that supported coverage of the claimed loss.

INSTRUCTION NO. 35

INSURANCE AGENCY RELATIONSHIP DISPUTED

CACI 2307


Plaintiffs Fresno Rock Taco, LLC & Zone Sports Center, LLC claim that Dibuduo & Defendis was Defendant National Surety Corporation's agent and that Defendant National Surety Corporation is therefore bound by Dibuduo & Defendis' conduct.


If Plaintiffs prove that Defendant National Surety Corporation gave Dibuduo & Defendis the apparent authority to act on behalf of Defendant, then Dibuduo & Defendis was Defendant National Surety Corporation's agent. This authority may be shown by words or may be implied by the parties' conduct. This authority cannot be shown by the words of Dibuduo & Defendis alone.

INSTRUCTION NO. 36

EVALUATION OF REASONABLENESS

UNKNOWN AUTHORITY (used last trial)


In processing a claim, the insurance company is bound to deal reasonably with its insureds. In evaluating reasonableness of the insurer's conduct, you should consider all of the facts and circumstances established by the evidence, including, but not limited to, the provisions of the insurance policy, inter-departmental memorandums or correspondence, and any other fact that is relevant to that determination.


The reasonableness of the insurer's conduct however cannot be measure or tested by hindsight.  The reasonableness of the conduct of the defendant's claims personnel must be measured at the time of the events.

INSTRUCTION NO. 37

FACTORS TO CONSIDER IN EVALUATING INSURER'S CONDUCT

CACI 2337

In determining whether Defendant National Surety Corporation acted unreasonably or without proper cause, you may consider whether the defendant did any of the following:

(a) Misrepresented to Plaintiffs relevant facts or insurance policy provisions relating to any coverage at issue.

(b) Failed to acknowledge and act reasonably promptly after receiving communications about Plaintiffs' claim arising under the insurance policy.

(c) Failed to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under its insurance policies.

(d) Failed to accept or deny coverage of claims within a reasonable time after Plaintiffs completed and submitted proof-of-loss requirements.

The presence or absence of any of these factors alone is not enough to determine whether Defendant National Surety Corporation's conduct was or was not unreasonable or without proper cause. You must consider Defendant National Surety Corporation's conduct as a whole in making this determination.

INSTRUCTION NO. 38

DAMAGES FOR BAD FAITH

CACI 2350

If you decide that Plaintiffs have proved their claim against defendant, you also must decide how much money will reasonably compensate Plaintiffs for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that was caused by Defendant, even if the particular harm could not have been anticipated.

Plaintiffs must prove the amount of their damages. However, Plaintiffs do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

INSTRUCTION NO. 39

DAMAGES – PROOF

NCMJI 5.1

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs on plaintiffs' breach of contract claim and/or on Plaintiffs' bad faith claim, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

The fair market value of the equipment that plaintiffs claim was stolen.

The reasonable cost to repair the property damage to the building.

The loss of business income caused by business interruption as a result of defendant's actions.

The loss of continuing expenses owed under the policy.

The loss of each Plaintiffs' respective assets.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

INSTRUCTION NO. 40

INTRODUCTION TO TORT DAMAGES – LIABILITY CONTESTED

CACI 3900

If you decide that Plaintiffs Fresno Rock Taco, LLC & Zone Sports Center, LLC have proved their claim against Defendant National Surety Corporation, you also must decide how much money will reasonably compensate Plaintiffs Fresno Rock Taco, LLC & Zone Sports Center, LLC for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by Defendant National Surety Corporation's wrongful conduct, even if the particular harm could not have been anticipated.

Plaintiffs Fresno Rock Taco, LLC & Zone Sports Center, LLC do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Plaintiffs Fresno Rock Taco, LLC & Zone Sports Center, LLC:

**3903G. Loss of Use of Real Property (Economic Damage)**

No. 1 The loss of use of Plaintiffs Fresno Rock Taco, LLC's Zone Sports Center, LLC's Building where the theft occurred. And the loss of use of Sports Center, LLC's use of the Granite Park Development site.

To recover damages for the loss of use, Plaintiffs Fresno Rock Taco, LLC must prove the reasonable cost to rent similar property for the time when they could not use their own property.

To recover damages for the loss of use Zone Sports Center, LLC must show the amount of rent being charged to Fresno Rock Taco, LLC for the time when they could not use their own property.

### 3903J. Damage to Personal Property (Economic Damage)

No. 2 The harm to Plaintiff Fresno Rock Taco's business personal property.  And the harm to Zone Sports Center, LLC's building.

To recover damages for harm to personal property, Plaintiffs must prove the reasonable cost of replacing the items stolen. Plaintiffs must prove the reasonable cost to repair the damage caused to the building.

To determine its value, you must determine the fair market value of the personal property before it was stolen. "Fair market value" is the highest price that a willing buyer would have paid to a willing seller, assuming:

1. That there is no pressure on either one to buy or sell; and

2. That the buyer and seller are fully informed of the condition and quality of the [item of personal property].

The total amount awarded must not exceed the business personal property's value before the harm occurred.

### 3903K. Loss or Destruction of Personal Property (Economic Damage)

No. 3 The loss of Plaintiff's Fresno Rock Taco, LLC's concert and music equipment.

To recover damages for the loss, Plaintiff Fresno Rock Taco, LLC must prove the fair market value of the concert and music equipment just before the harm occurred.

"Fair market value" is the highest price that a willing buyer would have paid to a willing seller, assuming:

1. That there is no pressure on either one to buy or sell; and

2. That the buyer and seller are fully informed of the condition and quality of the concert and music equipment.

No. 4 The destruction/damage of Plaintiff Zone Sports Center, LLC's building.

To recover damages for the destruction, Plaintiff Zone Sports Center, LLC must prove the fair market value of the cost to repair the damage just before the harm occurred.

**3903N. Lost Profits (Economic Damage)**

No. 5- Lost profits.

To recover damages for lost profits, Plaintiffs must prove it is reasonably certain they would have earned profits but for Defendant's conduct.

To decide the amount of damages for lost profits, you must determine the gross amount Plaintiffs would have received but for Defendant's conduct.

The amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

No. 6- Lost Assets

To recover damages for lost assets, Plaintiffs must prove it is reasonably certain they would have kept the assets but for Defendant's conduct.

To decide the amount of damages for lost assets, you must determine the value of Plaintiffs assets but for Defendant's conduct.

The amount of the lost assets need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

INSTRUCTION NO. 41

PRESENT CASH VALUE

CACI 3904A


If you decide that Plaintiffs Fresno Rock Taco, LLC & Zone Sports Center, LLC's harm includes future damages for lost profits, business interruption, lost assets, then the amount of those future damages must be reduced to their present cash value. This is necessary because money received now will, through investment, grow to a larger amount in the future. Defendant National Surety Corporation must prove the amount by which future damages should be reduced to present value.


To find present cash value, you must determine the amount of money that, if reasonably invested today, will provide Plaintiffs with the amount of its future damages.


You may consider expert testimony in determining the present cash value of future damages.

INSTRUCTION NO. 42

DAMAGES – MITIGATION

NCMJI 5.3


The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.


The defendant has the burden of proving by a preponderance of the evidence:


1.      that the plaintiff failed to use reasonable efforts to mitigate damages; and


2.      the amount by which damages would have been mitigated.

INSTRUCTION NO. 43

DUTY TO DELIBERATE

NCMJI 3.1


When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.


You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.


Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.


Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.


It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 44

COMMUNICATION WITH COURT

NCMJI 3.2

   If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

INSTRUCTION NO. 45

RETURN OF VERDICT

NCMJI 3.3

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Date: August 18, 2014
_____

LAW OFFICES OF PAUL M. SMITH II

By *Paul M. Smith II*
_____
Paul M. Smith II
Attorney for Plaintiff,
FRESNO ROCK TACO, LLC and ZONE
SPORTS CENTER, LLC