John V. Hager (SBN 61384)
Sean D. Cooney (SBN 253558)
Hager & Dowling
319 East Carrillo Street
Santa Barbara, California  93101
805-966-4700; Fax: 805-966-4120
mail@hdlaw.com

Attorneys for Defendant, National Surety
Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| Fresno Rock Taco, LLC, a California limited liability company; Zone Sports Center, LLC, a California limited liability company,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>National Surety Corporation, a Fireman's Fund company; Does 1-10, inclusive,<br><br>　　　　　Defendants. | CASE NO. CV F 11-0845 SKO<br>Magistrate Judge Sheila K. Oberto<br><br>**National Surety Corporation Objections to the Plantiffs' Jury Instructions Offered on August 18, 2014** |

　　　　Defendant National Surety Corporation hereby objects to the jury instructions offered by plaintiffs on August 18, 2014, as follows.

　　**A. Objections to All Instructions**

　　　　National Surety objects to each of the proposed, new instructions as untimely filed. The pre-trial order and subsequent amendments after the first trial require instructions be submitted in advance of trial.  These instructions were first offered in their full form on August 18, 2014 – less than two days prior to the anticipated close of evidence.  The timing of the filing is prejudicial because it leaves little time for National Surety to review the instructions and make meaningful objections.  It also provides the Court with little time to rule on any disputes.  National Surety also notes the following factors that militate

against including additional instructions:

1) This is the second trial in this matter.  Plaintiffs' case and National Surety's defense were substantially similar to the first trial.  In advance of the first trial, the parties submitted joint, plaintiff, and defense instructions.  This Court held a jury instruction conference, during which the Court assisted the parties in arriving at a set of instructions.  National Surety's position is there is no need to change those already agreed instructions.

2) After the first trial, the Court provided the parties an opportunity to submit additional instructions, which plaintiffs did on July 23, 2013.  National Surety had no additional instructions to submit.  Instead, National Surety is satisfied with the agreed-upon set of instructions from the first trial.  On November 15, 2013, the Court set the trial date and ordered the parties to submit objections to the jury instructions by February 5, 2014.  National Surety submitted its objections.  Plaintiffs submitted no objections to the previous instructions.  As a result, National Surety argues plaintiffs waived their right to object to the instructions given at the first trial.

National Surety also objects that plaintiffs' filing also does not comply with the pre-trial order's requirements that the instructions be identified as "joint/agreed-on, plaintiff's, or defendant's."  Rather, it is a series of sequential instructions without indication whether it was given at the first trial, whether it is an agreed instruction, or whether it is plaintiffs' additional instruction.

### B. Objection to the Omission of Previously Used Instructions

National Surety also objects to the omission of previously used instructions.  Those instructions were arrived at after meet and confer by the parties and a conference with the Court.  The case is substantially the same as at the first trial and, in any event, plaintiffs should bear the burden of demonstrating why particular instructions should be deleted, especially at this late point in the case.

C. **Objections to Instructions Requested by Plaintiffs**

**Objection to Instruction 22: IMPEACHMENT EVIDENCE – WITNESS**

Plaintiff's new version differs from the version previously read. National Surety does not agree to include inapplicable examples in a parenthetical. An inapplicable example risks jury confusion and makes the instruction argumentative in plaintiffs' favor. Omitting the example avoids these problems.

**Objection to Instruction 28:  WILLFUL SUPPRESSION OF EVIDENCE**

National Surety objects that plaintiffs have not presented any evidence of suppression of evidence. The use instruction state "[t]his instruction should be given only if there is evidence of suppression." Plaintiffs' referred in previous filings only to a "missing email." But, suppression is something more even than evidence being misplaced. (*See, e.g., County of Contra Costa v. Nulty* (1965) 237 Cal.App.2d 593, 598 (requiring fraudulent concealment of evidence).) The facts from other cases supporting this instruction involve active participation by the defendant. There is no evidence in this case of any active participation. The most plaintiffs can offer is an implication that an email was not retained.

**Objection to Instruction 29:  FAILURE TO EXPLAIN OR DENY EVIDENCE**

National Surety objects to this instruction because nothing about the second trial justifies a change in the corresponding instruction from the first trial. (Instruction 28 from 5/28/13 Jury Instruction List, CM/ECF No. 228, pg. 32 of 47.) National Surety argues plaintiffs' agreed to the prior instructions, were given a chance in July of 2013 to propose changes, and waited until two days before the close of evidence to present this new instruction.

**Objection to Instruction 30: CAUSATION SUBSTANTIAL FACTOR**

National Surety does not object to using CACI 430, but cannot agree unless the bracketed language is included. That language reads, "**Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.**"

This language makes the instruction more neutral, by explaining what is, and what

is not, a substantial factor.  It is relevant to this case because of the conflicting evidence as to what role National Surety's claims handling had in the Department of Insurance RAID and plaintiffs' claims they suffered multi-million dollars of damage.

**Objection to Instruction 31: TERMINATION OF POLICY FOR FRAUDULENT CLAIM**

National Surety objects to this instruction because nothing about the second trial justifies a change in the corresponding instruction from the first trial. (Instruction 30 from 5/28/13 Jury Instruction List, CM/ECF No. 228, pg. 34 of 47.)  National Surety argues plaintiffs' agreed to the prior instructions, were given a chance in July of 2013 to propose changes, and waited until two days before the close of evidence to present this new instruction.

**Objection to Instruction 32: BREACH OF CONTRACTUAL DUTY TO PAY A COVERED CLAIM – ESSENTIAL FACTUAL ELEMENTS**

National Surety objects to this instruction because nothing about the second trial justifies a change in the corresponding instruction from the first trial. (Instruction 31 from 5/28/13 Jury Instruction List, CM/ECF No. 228, pg. 35 of 47.)  National Surety argues plaintiffs' agreed to the prior instructions, were given a chance in July of 2013 to propose changes, and waited until two days before the close of evidence to present this new instruction.

**Objections to Instruction 34: BAD FAITH (FIRST PARTY) FAILURE TO PROPERLY INVESTIGATE CLAIM**

National Surety objects to this instruction as applicable only where the failure to properly investigate itself causes damage – for example where plaintiff can show the evidence would have changed the coverage position. (*See, e.g. Egan v. Mutual of Omaha Ins. Co.* (1979) 24 Cal.3d 809 (holding failing to investigate issue of whether a claim was fraudulent gives rise to a claim of a failure to properly investigate.)

Here, National Surety promptly identified possible fraud and did a thorough investigation.  Plaintiffs' only complaint – the failure to inspect the doors – is both

incorrect (National Surety sought photos through investigator Akerland) and irrelevant (Auvinen provided uncontroverted testimony that damage to doors neither proved nor disproved whether a burglary actually occurred because a clever insured could cause the same damage).

If the Court is inclined to give this instruction, National Surety objects to its current, two-paragraph form. It should be given in the same form as set forth in CACI 2332.

**Objections to Instruction 35:  INSURANCE AGENCY RELATIONSHIP DISPUTED**

National Surety objects because there is no evidence that Dibuduo & Defendis is National Surety's agent for claims handling purposes. In fact, plaintiffs attempted to qualify Chris Gutilla as a claims-handling expert, but did not make the requisite showing under Federal Rule of Evidence 702.

Further, the last sentence of the instruction reads, "This authority cannot be shown by the words of Dibuduo & Defendis alone." The only evidence on this issue are the words of Chris Gutilla. This is, by the terms of the instruction itself, insufficient. Having this instruction will only lead to jury confusion.

**Objections to Instruction 37:  FACTORS TO CONSIDER IN EVALUATING INSURER'S CONDUCT**

The parties already agreed to what was previously read as Instruction 35. (5/28/13 Jury Instruction List, CM/ECF No. 228, pg. 39 of 47.)  This instruction is based on BAJI 12.94.  Per the 9/11/12 Pre-Trial Order, use of either BAJI or CACI is permitted. National Surety does not consent to the change to the CACI version. National Surety notes that plaintiffs' already agreed to the prior instructions, were given a chance in July of 2013 to propose changes, and waited until two days before the close of evidence to present this new instruction.

**Objections to Instruction 40:  INTRODUCTION TO TORT DAMAGES – LIABILITY CONTESTED**

National Surety objects because the 3900 series damages instructions are general

instructions that are not applicable where there is a more specific instruction on point. Here, CACI 2350 – DAMAGES FOR BAD FAITH instructs the jury on what damages are available for breach of the implied covenant of good faith and fair dealing.  Since there is a specific instruction for damages for bad faith, the use of the 3900 series instructions is argumentative and confusing, implying plaintiffs' can recover beyond that permitted by 2350.

**Objections to Instruction 41: PRESENT CASH VALUE**

National Surety objects because 3904A damage instruction is a general instruction that is not applicable where there is a more specific instruction on point.  Here, CACI 2350 – DAMAGES FOR BAD FAITH instructs the jury on what damages are available for breach of the implied covenant of good faith and fair dealing.   Since there is a specific instruction for damages for bad faith, the use of 3904A is argumentative and confusing, implying plaintiffs' can recover beyond that permitted by 2350.

DATED: August 18, 2014        HAGER & DOWLING

By:  /S/
     SEAN D. COONEY
     Attorneys for Defendant, National Surety Corporation