# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESNO ROCK TACO, LLC, and ZONE SPORTS CENTER, LLC<br><br>      Plaintiffs,<br><br>  v.<br><br>NATIONAL SURETY INSURANCE CORPORATION,<br><br>      Defendant.<br>_____/ | Case No. 1:11-cv-845-SKO<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY EXECUTION OF JUDGMENT**<br><br>(Doc. 370) |

## I.   INTRODUCTION

Following a trial, on August 22, 2014, the jury returned a verdict in favor of Plaintiffs and awarding damages to Fresno Rock Taco, LLC ("FRT") in the amount of $2,224,349.00 and to Zone Sports Center, LLC ("Zone") in the amount of $274,823.00.  (Doc. 364.)  Judgment was entered against Defendant National Surety Insurance Corporation ("National" or "Defendant") on August 25, 2014.  (Doc. 368.)

On September 8, 2014, National filed a motion to stay execution of judgment while it pursued post-trial remedies including post-trial motions and an appeal.  (Doc. 370.)  The motion was set for a hearing on October 6, 2014, which was continued to October 8, 2014.  (Doc. 373.)

Having reviewed National's motion and because no opposition to the motion was filed, the hearing set for October 8, 2014, is VACATED pursuant to Local Rule 230(g).

For the reasons set forth below, National's motion to stay execution of the judgment without bond until the Court's ruling on the parties' post-trial motions pursuant to Federal Rule of Civil Procedure 62(b) is GRANTED.

## II.   DISCUSSION

National seeks a stay of execution on the August 25, 2014, judgment through the time the post-trial motions pursuant to Federal Rule of Civil Procedure 59(e) to amend the judgment are ruled upon. National asserts that, given its net worth of over $124,000,000 and because it continues to conduct business in California, there is no need for a bond to protect Plaintiffs' interests during the stay.

Pursuant to Federal Rule of Civil Procedure 62(b), the court may, on appropriate terms for the opposing party's security, "stay the execution of a judgment – or any proceedings to enforce it – pending disposition of certain motions," including a motion under Rule 59 for amendment of a judgment.  The posture of the case is somewhat irregular because, after National and FRT filed motions to amend the judgment under Federal Rule of Civil Procedure 59(e), National filed a Notice of Appeal ("NOA").[1]  National's NOA does not affect the Court's jurisdiction to decide the pending Rule 59(e) motions.  Pursuant to the Federal Rules of Appellate Procedure, the pendency of post-trial motions under Rule 59(e) tolls the appeals period and the NOA only becomes effective when the last post-trial motion is ruled upon:

> If a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)A) – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Fed. R. App. P. 4(a)(4)(B)(i).

At the time National filed its motion to stay execution of the judgment, it had not yet filed any post-trial motions.  As both parties have now filed post-trial motions, Rule 62(b)(3) permits

---

[1] It is unclear why, in light of Federal Rule of Appellate Procedure 4(a)(4)(A)(iv) and National's motion to amend the judgment under Federal Rule of Civil Procedure 59(e) filed on September 22, 2014, National elected to file a notice of appeal on September 23, 2014.

2

1  the Court to order a stay of execution on the judgment during the pendency of those motions. Due
2  to the pending motions to amend the judgment, there is good cause to stay the execution of the
3  judgment until the motions are resolved.
4       National also requests that the stay be issued without a bond. The purpose of a bond is to
5  secure the interests of the judgment creditor in collecting the judgment. *See Rachel v. Banana*
6  *Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). Here, there appears to be no dispute that
7  National is able to pay the judgment. National asserts it has a net worth of over $124,000,000 and
8  continues to transact business in the state of California. National maintains it is not only able to
9  pay the judgment, but because it continues to conduct business in California, it is not incentivized
10 to hide assets or evade its financial obligations. FRT and Zone, the judgment creditors, have not
11 opposed National's motion or National's request that a bond be waived. For these reasons,
12 National's motion for a stay through disposition of the parties' Rule 59(e) motions shall be granted.
13 To the extent it is relevant, any stay of execution of judgment during the pendency of an appeal,
14 including the need for a supersedeas bond, may be raised by the parties after the Court's ruling on
15 the parties' post-trial Rule 59(e) motions.

### III.   CONCLUSION

17      Accordingly, IT IS HEREBY ORDERED that execution of judgment is STAYED pending
18 the Court's ruling on the parties' post-trial motions.

IT IS SO ORDERED.

Dated: **October 2, 2014**       **/s/ Sheila K. Oberto**
                                         UNITED STATES MAGISTRATE JUDGE